100 So.2d 639 (1958)
Maxine Florence SEDELL (now Maxine Sedell White), Appellant,
v.
Thomas Roy SEDELL, Appellee.
No. A-94.
District Court of Appeal of Florida. First District.
February 27, 1958.
*640 David H. Levin, Pensacola, for appellant.
Richard H. Merritt, Pensacola, for appellee.
WIGGINTON, Judge.
This is an appeal from an order entered by the Court of Record of Escambia County modifying a former decree of divorce. Appellant, plaintiff in the trial court, assigns two principal errors. It is first contended that the court erred in modifying its former decree upon pleadings embodying contested issues of fact and law, without taking testimony or receiving evidence concerning the issues in contest. The second error assigned is the court's action in modifying the property settlement provisions of a separation agreement between the parties which was confirmed and by reference made a part of the final decree, the effect of which was to deprive plaintiff of a vested property right granted her by the agreement.
Prior to the institution of the original divorce proceedings the parties entered into a written agreement which acknowledged that they were the owners of certain property therein described, and by which it was provided that the husband should pay to the wife a stipulated sum of money each month as alimony, and an additional sum for the support and maintenance of their three children, the care and custody of whom was granted to the wife. The agreement further provided for a division of certain stated property accumulated by the parties during their marriage. Among other things, the agreement provided that the husband should continue paying the premiums which would thereafter become due on a certain life insurance policy in which the wife was named as beneficiary, and the three children were named as alternate beneficiaries. It was agreed that the husband would continue to maintain the insurance policy in full force and effect, would leave the beneficiaries therein named unchanged, and would perform no acts which would impair the efficacy of the policy. It was stipulated that the agreement might be incorporated in any action for divorce instituted by either party, and that the provisions of the agreement would be binding upon the heirs, executors and assigns of the parties.
*641 Thereafter the wife instituted a suit for divorce against her husband. By her complaint reference was made to the separation agreement previously entered into between the parties, and she prayed that it be ratified and made a part of the decree to be entered. On final hearing plaintiff's prayer for relief was granted and the decree provided, among other things:
"That the separation agreement entered into by and between the parties on the 25th day of October, 1955, be and the same is hereby made a part of this final decree, the same as if it were fully set out herein and each party is hereby directed and ordered to comply with the provisions thereof."
Approximately sixteen months after the entry of final decree defendant husband filed a petition for an order modifying and clarifying the decree in certain stated respects. The petition asked for a determination of the beneficiaries, or the terms under which the beneficiary should hold the proceeds of the life insurance policy being maintained by defendant, and whether he could substitute a different or another insurance policy for the same amount as the one then in force and effect.
To this petition the wife filed a reply which denied that the decree should be modified in the respects prayed for by her husband, and asked that the petition for modification be dismissed.
The cause was set down before the court for hearing on the petition for modification. The record does not contain a transcript or stipulated statement of any evidence adduced or testimony taken before the court at the hearing. There appears in the record an order entered by the court which recites that the cause came on for hearing upon defendant's petition for modification of the final decree, and the court having heard the parties and their respective attorneys and having considered the same found that the insurance policy referred to in the final decree was intended to be and is a security for the benefit of the minor children of the parties. The court then proceeded to order that the final decree previously entered in the cause be modified, clarified and amplified as follows:
"That effective immediately the Ten Thousand ($10,000) Dollars life insurance policy with the Connecticut Mutual Insurance Company with the beneficiary being the plaintiff and the children of the parties as alternate or contingent beneficiaries shall remain with the plaintiff who is now Mrs. Florence Sedell White as beneficiary as trustee for the use and benefit of the minor children of the parties, such trust to remain in full force and effect until the children reach their majority or become self-supporting, and then upon the last of the said children reaching their majority or becoming self-supporting, the policy shall become the property of the defendant for him to use as he may see fit."
With regard to the first assignment of error appellant vigorously asserts in her brief that at the hearing held before the court on the defendant's petition to modify the decree, no witnesses were produced, no testimony was taken, and no evidence was offered by either party in support of or in opposition to the allegations of the petition. Appellee has not participated in this appeal, and therefore there is no brief on file before us taking issue with this assertion. The decree of the Chancellor comes to this court on appeal with a presumption of correctness. The order appealed from recites that the court found certain facts to exist relating to the issues raised by the petition for modification, and plaintiff's answer thereto. Whether such facts were gleaned from the testimony originally taken by the parties in the divorce action, but which is not in the record on appeal before us at this time, is a matter of conjecture and speculation. The statute under which the petition was *642 filed[1] permits the Chancellor to modify a final decree of divorce relating to support, maintenance or alimony previously awarded by the court, only after giving both parties an opportunity to be heard, and to introduce evidence relevant to the issue. It is fundamental that the Chancellor, absent the consent of the parties, is without authority to enter an order or decree on the merits upon pleadings raising disputed issues of law and fact except when justified by substantial and competent evidence.[2]
Separation agreements executed by husband and wife prior to divorce usually provide for payment to the wife of support or alimony; for support and custody of children; and for settlement of property rights existing between the parties. When such agreements are fairly entered into and are not tainted by fraud, overreaching or concealment, they will be respected by the courts.
Provisions of separation agreements or final decrees fixing the amount of support or alimony to be paid the wife may be modified or set aside upon application of either party when any of the grounds specified in the statute are shown to exist.[3] Such is not the case, however, in those instances when the amount to be paid the wife is arrived at upon consideration of her agreement to relinquish special equities which she may have in property held by the husband and accumulated through the joint efforts of the parties during their marriage. In all such instances, only the strongest and most compelling reasons will justify the court in modifying or setting aside the amount which the parties have agreed should be paid to the wife.[4]
Provisions of a separation agreement or final decree relating to the support, care and custody of children are always subject to review and approval by the court, the guiding star being the best interest and welfare of the children.[5]
Provisions of a separation agreement constituting a final settlement of the rights which each party has in property accumulated during their marriage are to be construed in the same manner as any other contract. Rights in property which have become fixed and vested under the provisions of such agreement should not be disturbed by the courts, except upon proof which would justify modification or cancellation of a contract between strangers.[6] Each of the parties is justified in relying upon the property settlement provisions of a separation agreement in planning the future course of their respective lives. Rights acquired under such agreements cannot be destroyed nor withdrawn by the courts upon the mere representation of either party that further compliance with the contract would prove burdensome or inconvenient.[7] This is particularly true when the agreement has been ratified and confirmed by the court and incorporated in a final decree of divorce.
In the case now on review the parties agreed in advance of the divorce proceeding that the husband would maintain an existing policy of insurance on his life, in which the wife was named as beneficiary, and his children were named as alternate beneficiaries. He agreed to refrain from doing any act which would impair the efficacy of the policy contract. This agreement was by reference ratified and made a part of the final decree of divorce, under which the wife acquired a vested interest in the policy of insurance. In consideration for this right she relinquished all interest she had *643 in certain other property owned by the parties and retained by the husband under the agreement. The husband's subsequent remarriage could not operate as a valid ground for modifying that portion of the separation agreement, or the final decree, dealing with the life insurance policy, the arrangement of the beneficiaries, nor the purpose for which the proceeds should be applied. The trial court's action in entering its order modifying the final decree and separation agreement as it relates to the life insurance policy was without authority of law. For the foregoing reasons that portion of the order appealed from, contained in Paragraph Three thereof, relating to the insurance policy on the life of the appellee is reversed, and the cause remanded with instructions to enter an appropriate order consistent with the views herein expressed.
STURGIS, C.J., and DONALD K. CARROLL, J., concur.
NOTES
[1] F.S. § 65.15, F.S.A.
[2] Lewis v. Gramil Corp., Fla., 94 So.2d 174.
[3] F.S. § 65.15, F.S.A.
[4] Vance v. Vance, 143 Fla. 513, 197 So. 128; Cohn v. Mann, Fla., 38 So.2d 465.
[5] Lee v. Lee, 157 Fla. 439, 26 So.2d 177.
[6] Clark v. Clark, Fla., 79 So.2d 426.
[7] Underwood v. Underwood, Fla., 64 So.2d 281; Fort v. Fort, Fla., 90 So.2d 313.