SHANNON, Chief Judge.
The appellant-defendant appeals from a judgment below granting a divorce to ap-pellee and awarding her lump sum alimony.
In view of the fact that appellant’s two questions on appeal have to do with the amount of the award of alimony and say nothing about the divorce decree, we will affirm the final decree insofar as the divorce itself is concerned.
On the date of the decree appellant was 70 years of age and the appellee was 57. Their married life had lasted less than 4 years, from March 30, 1956, to February 18, 1960. Both had been married before and both had grown children by former spouses.
Testimony was taken before a special master, concerning which he has this to say:
“Hearings were started in this cause on March 22, 1961, and consisted of thirteen and one half days; the transcript consisted of fifteen volumes of testimony numbering 1208 pages, and forty-six exhibits were introduced and filed in said cause.
* * % * * *
“Defendant’s conduct, his desire to represent himself, and at times his hostile attitude, resulted in trying situations, required much patience, and made the proceedings more difficult than otherwise would have been.”
In his recommendations the special master recommended that, in lieu of periodic alimony, support and maintenance, a lump sum be given to the appellee, and, in his recommendations, set out various pieces of property that should be deeded to her.
The chancellor approved the special master’s report, except in unimportant details, and in his decree also provided that $4,000.-00 in attorney’s fees be paid by the appellant, and, as lump sum alimony, provided that the appellant should deed to the appel-lee certain described real estate.
The appellant, in his brief, complains that the lower court awarded about 70 per cent of his life savings in lump sum alimony, which, in amount, was over $89,000.00. Also, he complains that the special master ruled that the husband could not inquire into the wife’s assets at the date of the marriage, nor could he inquire into the wife’s earning ability.
In 10 Fla.Jur., Divorce and Annulment, Sec. 166, it is stated:
“A wife has no need for alimony, and none should be awarded, if she has a separate estate which is adequate for her comfortable support. And where the wife’s modest estate and income are about equal to the husband’s estate and *37 income, alimony should be denied. Likewise, where the wife is able to. work and is free to do so, the court may deny alimony, and the fact that the marriage has been brought to an end by the husband’s misconduct does not entitle the wife to be supported by him for the rest of her life where she is able to work.”
We think the appellant should have been allowed to inquire into the wife’s ability to earn a living. In Armour v. Armour, Fla. 1951, 59 So.2d 51, our Supreme Court said:
“ * * * Prior to her marriage the wife was engaged in the real estate business and earned approximately $3500 per year and lived on that amount. She is still capable of earning that amount, or at least, she has shown no reason why she cannot engage in the same activity and earn that amount.
“The husband prior to his 'marriage had been engaged as a funeral director and sold his business and moved to Florida. After moving to Florida, he was engaged as a real estate salesman. In 1950 it appears that he had capital assets of about $78,000. For the years 194.8, 1949 and 1950 his gross earnings were $3,262, $3,869 and $2,006 for the respective years. It, therefore, appears that the wife is able to earn as much, if not more than the husband.
“In view of these facts, we think that $250 per month as an award for permanent alimony is excessive and the same should be reduced to $150 per month.”
The record is not complete enough at this time as to these two factors — the wife’s need, and the husband’s ability to pay. The presumption of correctness as to the decree of the lower court is rebutted by the fact that the special master erroneously excluded from consideration the considerable estate of the wife. The confusion surrounding the question of the wife’s need and the admitted absence of determination as to the husband’s ability to pay alimony impels us to reverse certain portions of the decree as the same concerns the alimony award. Upon further consideration in the trial court it may well be that an award of alimony and/or an award in recognition of property rights will be found proper.
In view of the disposition of this appeal, the application by appellee for attorney’s fees, for the services of her attorney on this appeal is granted in the amount of $500.00. Insofar as the divorce itself is concerned, it is affirmed, but such portions of the final decree as concern alimony are hereby reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.
ALLEN and SMITH, JJ., concur.