JOHNSON, Judge.
This is an appeal from an order of the Circuit Court of Duval County, Florida, modifying a final judgment of divorce entered on February 9, 1972, and an order on rehearing, dated February 25, 1972. In the order of February 9, 1972, alimony to the wife was reduced from $2200.00 per month to $1350.00 per month. The trial court reviewed the facts and circumstances surrounding this case and made findings of fact as to why the reduced alimony was decreed.
In the order on rehearing dated February 25, 1972, the trial court decreed that a review of the financial situations of the parties would be entertained by that court upon proper motion being filed before the court after six months from the date thereof.
We dispose of the latter order, February 25, 1972, by saying that the trial court was correct in authorizing a review of the financial situations of the parties. No error was committed in this regard.
As to the authority of the trial court to reduce the alimony payments, we hold that under the law as it existed prior to the 1971 Act of the Legislature, as well as under the present law, F.S. Section 61.-08 (1971), F.S.A., the trial court was authorized to reduce the alimony payments and also to provide for permanent alimony. We do not find any conflict between this holding and the holding in Thigpen v. Thigpen, Fla.App., 277 So.2d 583, and handed down. by this Court on May 10, 1973. This latter case recognized the fact that the basic nature and purpose of alimony remains today, under the so called “no fault” divorce law, the same as prior thereto. We agree that under the philosophy emanating from the new law the trial court would be more inclined to limit the duration and amount of alimony payments, but this does not mandatorily reduce the exercise of judicial discretion by the trial court.
*326 In the case sub judice, it appears to this Court that the trial court was very meticulous in his treatment of evidence submitted by both parties. The fact that the proffered evidence of a trust fund had accrued to the benefit of the appellant-defendant, was not accepted by the trial court does not necessarily render such ruling erroneous. The trial court appears to have taken into consideration all the evidence that was necessary for him to do equity and justice between the parties. F.S. § 61.08(2), F.S.A.
The contention of the appellee that the trial court should have limited the duration of alimony under the presently existing statute is without merit in view of our determination that the new law does not remove the discretion left to the trial court.
For the reasons set forth above, the orders appealed from are hereby affirmed.
SPECTOR, C. J., and WIGGINTON, J., concur.