298 So.2d 189 (1974)
A. H. CRAIG, Appellant,
v.
Catharine S. CRAIG, Appellee.
No. U-345.
District Court of Appeal of Florida, First District.
July 25, 1974.
Edward S. Jaffry, Tallahassee, for appellant.
Wesley A. Fink, Fink, Loucks, Foxman & Woerner, Daytona Beach, for appellee.
RAWLS, Chief Judge.
The order of the trial judge requiring appellant husband to continue paying permanent alimony to the wife is challenged by this appeal.
The parties were divorced on August 11, 1969. A property settlement agreement was incorporated in the final judgment; material parts of same being: custody of *190 the parties' two minor children awarded to the wife; $30.00 per week support money for each minor child payable by the husband; weekly alimony in the sum of $120.00 payable to the wife by the husband; and conveyance of the marital dwelling and four additional lots by the husband to the wife.
Material changes in the circumstances were proven by the husband upon his petition for modification. The minor children are no longer living with the wife. The husband had expended $13,000.00 during the period of July, 1972, to July, 1973, for clothing, medical, automobile and college expenses of the children.[1] In order to "help pay up some bills and to take care of the children during the college year", the husband had recently placed a second mortgage in the principal sum of $10,000.00 on his home. The overall evidence reflected that the husband's income was substantially the same as when the parties were divorced in 1969.[2] The wife, a school teacher for 14 years, had received a substantial increase in her salary and was earning in excess of $10,000.00 per year. Other than the approximately $5,000.00 owed on her home, payable in monthly installments of $127.91 per month, the wife has no substantial debts.[3]
It was upon the foregoing basic facts that the trial court entered its order modifying the 1969 final judgment reducing weekly alimony payments from $120.00 per week to $95.00 per week until November, 1974, and from that date to $50.00 per week.
Kahn v. Kahn, 78 So.2d 367 (Fla. 1955), is the benchmark decision for the modern view of alimony as being rehabilitative. There the Supreme Court stated:
"And, indeed, until recent years, a divorced wife had little prospect of being able to work and earn a livelihood, and it was essential to a well-ordered society that she be appropriately maintained by her estranged husband so that she would not become a charge on the community. Times have now changed. The broad, practically unlimited opportunities for women in the business world of today are a matter of common knowledge. Thus, in an era where the opportunities for self-support by the wife are so abundant, the fact that the marriage has been brought to an end because of the fault of the husband does not necessarily entitle the wife to be forever supported by a former husband who has little, if any, more economic advantages than she has."
In analyzing the Kahn case and its applicability to current conditions, Judge Wigginton, speaking for this Court in Beard v. Beard, 262 So.2d 269 (1 Fla.App. 1972), said:
"Whether the marriage continues to exist or is severed through the device of judicial decree, the woman continues to be as fully equipped as the man to earn a living and provide for her essential needs. The fortuitous circumstance created by recitation of the marriage vows neither diminishes her capacity for self-support nor does it give her a vested right in her husband's earnings for the remainder of her life."
In Suter v. Suter, 279 So.2d 325 (1 Fla. App. 1973), this Court was confronted with *191 an order of the trial court reducing alimony from $2,200.00 per month to $1,350.00 within six months of the initial judgment. In affirming the action of the trial court we noted:
"... [T]hat under the philosophy emanating from the new law the trial court would be more inclined to limit the duration and amount of alimony payments, but this does not mandatorily reduce the exercise of judicial discretion by the trial court."
In the case sub judice, the wife has pursued her professional training for the past 14 years and has honed her skills in the teaching profession, as evidenced by an increase in her salary of approximately 40 percent since the severance of the marriage. The facts herein disclose that the wife is in good health and is not only capable of self-support but had admirably utilized her talents fully in accomplishing this worthwhile objective.
In Suter, supra, we held that the new law does not mandatorily require the trial court to limit the duration of alimony and found no abuse of discretion under the facts of that case by the trial court. We adhere to the rule announced. In the instant case, the facts are clear that this wife is comfortably situated financially as a result of her own efforts and the 1969 property settlement made by the husband. Under these uncontroverted facts and the authorities cited, we hold that the chancellor abused his discretion in not fixing a termination date for the payment of further alimony.
The cause is reversed with directions to the trial court to amend the order appealed terminating further alimony payments as of November 2, 1975; otherwise the order appealed is affirmed.
Affirmed in part; reversed in part.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] The husband had been relieved of child support by a previous order of the court. The husband had assumed the entire obligation of their full support and education.
[2] The husband's tax return in 1969 reflected a gross income of $17,000.00, but that an increment of $12,000.00 for legislative service was anticipated in reaching the settlement agreement.
[3] She testified that a sewage lien of roughly $500.00 was due on her property which "... they let me pay that as I'm able to pay." The wife had a savings account in the sum of $580.00. Also, the estimated value of the four lots conveyed to the wife in the 1969 settlement was $20,000.00.