333 So.2d 484 (1976)
Herbert C. ANDERSON, Appellant,
v.
Angela M. ANDERSON, Appellee.
No. 75-1095.
District Court of Appeal of Florida, Third District.
May 25, 1976.
Robert B. Kane, Tallahassee, for appellant.
*485 Milledge, Horn & Hermelee and Martin D. Berg, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an appeal by an ex-husband from an order denying his second petition to be relieved of further obligation to pay alimony.
The case presents a question of whether a divorced husband should be required to continue to pay alimony to a wife who, in the years subsequent to divorce, has become self supporting.
These parties were divorced by a judgment entered by the Circuit Court of Dade County on January 10, 1962. Therein the husband was ordered to pay alimony of $400 per month, and $600 per month for support of the three minor children of the marriage, whose custody was awarded to the wife. On an appeal by the wife, a holding in the judgment that the husband was the sole owner of a 1959 purchase money mortgage of $71,000.00 was reversed, establishing that the wife owned a one-half interest therein.[1]
On September 22, 1964, the husband filed a petition for modification of the judgment, seeking to be relieved of the order for payment of alimony, and a reduction in the child support. The wife filed a petition for increase of child support. The trial court denied both petitions. The husband appealed, and the wife cross assigned as error the denial of her petition. This court affirmed.[2] The husband petitioned the Supreme Court for review on certiorari. His petition was dismissed for want of conflict jurisdiction.[3] Justice Roberts filed a dissenting opinion, which recited the showing by the husband with respect to the capability of the wife for self support which she had chosen not to utilize. Justice Roberts expressed the view that the district court's affirmance was in conflict with numerous cases cited, because, on the facts, the denial of relief to the husband was contrary to the law.
Justice Roberts then proceeded to state the law applicable to the case as he understood it to be established. Although that statement of the law was made in a dissenting opinion, it was not made in dissent of any contrary holding as to those principles of law by the Court majority, which had not dealt with the merits. The dissent was from the majority holding that there was no conflict jurisdiction. For that reason, and due to the importance of the legal principles there stated, and their applicability to the facts disclosed on the subsequent petition of the husband for relief from the alimony, the denial of which was the basis of the present appeal, we adopt that statement of the law in Justice Roberts' opinion, which is as follows (194 So.2d at 908-909):
"These decisions all stand for the proposition that the marriage status, once achieved by the wife, does not carry with it the right forever after to be supported by her former husband in veritable ease and comfort, regardless of her capacities for self support. The horse and buggy era, when the husband's vow to take care of his wife `'till death do us part' was accepted by both parties as a sacred promise and an essential part of the marriage contract  required, as well, by the mores of the society of that era and the necessity of insuring that the divorced wife could not become a public charge  is a thing of the past. Today, *486 the high incidence of divorce in our country, is, regrettably, a reality of life which we no longer approach in the manner of the camel threatened by an oncoming sand storm. We now educate our daughters, as well as our sons, to enable them to take their place in the business community  not only before and during marriage but also after the break-up of the marriage, should it occur. And we are coming more and more to recognize that in most cases the break-up of the marriage is not, as it cannot be, solely the fault of the party who is found to be technically at fault  that both parties must bear some of the brunt of the failure. It should not be considered a victory for one spouse and a reverse for the other, but a defeat for both.
"It is therefore the settled law of this jurisdiction that the fact that the divorced wife is able to be employed and has the ability to earn a living is a relevant material factor in determining her `need' for alimony, regardless of whether she was or was not a wage earner during the marriage or at the time of the divorce. It is well settled, and has for a long time been so, that the fact the wife has a separate estate  whether acquired before or during marriage, from her own efforts or those of her husband  is a relevant material factor in determining her `need' for alimony. Chaires v. Chaires, 1864, 10 Fla. 308, 315; 10 Fla.Jur., Divorce and Annulment, Sec. 166; Heller v. Heller, supra, [Fla.App]., 151 So.2d 35; Kahn v. Kahn, supra., [Fla.]., 78 So.2d 367. The fact that there were minor children involved in the case sub judice (aged 15, 13 and 8 at the time of the hearing on the petitions for modification in October of 1964, all in good health and attending local schools) is relevant to the question of whether the wife should be required to seek part-time, as distinguished from full-time, employment, but does not relieve her of her responsibility to contribute to her own support, if she has wage-earning capacity. See Raley v. Raley, supra, [Fla]., 50 So.2d 870.
"In short, the Chancellor, in determining the question of what alimony, if any, should be awarded to the wife in a divorce proceeding, can no longer settle the question solely on a consideration of her actual monetary `need' and the husband's financial `ability' to pay; her monetary `need' must be met, in the first instance, by her own resources  her wage-earning capacity as well as her separate estate  and only then, if they are not adequate, may the husband be called upon to provide her with such additional funds `as from the circumstances of the parties and nature of the case may be fit, equitable and just; * * *.' Sec. 65.08, Fla. Stat., F.S.A."
By a petition filed on September 25, 1974, and amended on March 4, 1975, the husband again asked the court to relieve him of further obligation to pay alimony. Therein it was alleged the children had attained majority, and that he had supported and educated them, with the youngest now in college at his expense; that the children were not living with the wife, and it was no longer necessary for her to supply accommodations for them. It was further alleged that "the wife has acquired a substantial earning capacity; she has a good job with a secure future".
The wife filed a response, averring that the husband was seeking to modify a postjudgment agreement of the parties dated February 28, 1968, which contained a provision that it would not be subject to modification,[4] and averred that if such agreement was modifiable, her alimony could be modified only "if there has been *487 substantial changes in the financial position of either or both parties". The wife's response listed the incomes of the parties for 1971-1973, as follows: 1971, husband $36,094.00, wife, $16,306.00; 1972, husband $52,296.00, wife, $18,585.00; 1973, husband $54,734.00, wife, $15,562.00. It appears from the record that the husband has assets and income in an amount which is ample to enable him to pay the alimony. He so admitted.
After an evidentiary hearing, the trial court denied the husband's petition for modification, without discussion or findings of fact. By a subsequent order the husband was ordered to pay the wife's attorney's fees. The amount thereof as fixed by the court was $3,500.00.
The husband then filed this appeal, on which he contends it was error to deny his petition to be relieved of further payment of alimony, and contends it was error to require him to pay the wife's attorney's fee and that the fee allowance was excessive.
As to the attorney's fee allowance, we find no error, and affirm that feature of the order appealed from. It was within the court's discretion to charge such fee to the husband, under § 61.16 Fla. Stat., F.S.A. In view of the extent to which the matter was litigated, we hold the amount awarded does not represent an abuse of discretion.
Regarding the denial of the husband's petition for relief from the requirement to pay further alimony, he argues that ruling was error in view of the changed circumstances of the wife by which she has become self supporting. In opposition thereto the wife argues that the challenged ruling was not an abuse of discretion and contends the matter was res judicata because a similar petition which the husband had filed previously was denied.
The latter contention of the appellee is without merit. The material change in the financial circumstances of the wife was shown to have occurred subsequent to the time of the filing and hearing on the husband's 1964 petition for such relief. On that earlier occasion the most revealed was that the wife was equipped by education, experience, and ability to be self supporting, but it appeared she was not exercising such abilities, and it was not shown that she was self supporting.
By the time of the hearing on the husband's subsequent 1974-1975 petition it was shown that the wife's financial situation had improved substantially. The care of the children no longer was her responsibility, and she had regular employment earning in excess of $15,000 per year.[5]
In view of the foregoing, under the applicable law the ability of the husband to pay does not justify continuation of the alimony where, as here, the rehabilitated wife is shown to have become self supporting.
This disposition of the case does not involve or represent a re-evaluation of the evidence upon which the trial court acted. Cf. Westerman v. Shell's City Inc., Fla. 1972, 265 So.2d 43; Shaw v. Shaw, Fla. 1976, 334 So.2d 13.
*488 This is not a case in which the denial of the husband's petition for termination of the alimony was based on a conflict in the evidence as to whether the wife was employed or as to the amount of her income. Nor was the ruling of the trial court grounded on a finding that the payment of the alimony was essential for the support of the wife. Such a finding, if it had been made by the trial court in this case, would not have the support of competent substantial evidence. Without the need for any re-evaluation thereof, the evidence simply shows that at the time of the hearing, thirteen years after the divorce judgment, the wife's annual earnings were more than three times the amount which the alimony would provide and it was not shown that the amount she was earning was inadequate to constitute self support.
Our reversal of the order is grounded on a holding that the ruling of the trial court for continuance of payment of the alimony in the face of a clear showing that the wife had become self supporting, was an error of law.[6] See Beard v. Beard, Fla. App. 1972, 262 So.2d 269; Craig v. Craig, Fla.App. 1974, 298 So.2d 189; Thigpen v. Thigpen, Fla.App. 1973, 277 So.2d 583; Kennedy v. Kennedy, Fla. 1974, 303 So.2d 629.
Accordingly, the order denying the husband's petition for termination of his obligation to pay alimony as ordered in the divorce judgment is reversed, and the divorce judgment is hereby modified to eliminate therefrom the requirement for payment of such alimony by the husband, from and after the date of the filing, in the office of the clerk of the circuit court, of our mandate in this case. This ruling will not operate to preclude the wife from filing a petition in the trial court in the future for further modification of the judgment under § 61.14 Fla. Stat., F.S.A. to require payment of some alimony, upon a showing of need therefor which may be brought about by some subsequent change in her financial circumstances.
The order appealed from is affirmed in part and reversed in part and the divorce judgment modified, as and in the respects set forth above.
NOTES
[1] Anderson v. Anderson, Fla.App. 1963, 153 So.2d 24. Certiorari was denied by the Supreme Court, on the ground of absence of conflict jurisdiction, Anderson v. Anderson, Fla. 1964, 164 So.2d 3.
[2] Anderson v. Anderson, Fla.App. 1965, 180 So.2d 360.
[3] Anderson v. Anderson, Fla. 1967, 194 So.2d 906.
[4] That agreement of 1968 did not deal with alimony. It concerned child support, with the husband to pay support for the children, who were in college, direct, rather than to the wife and for such support to extend as long as their schooling continued.
[5] The children had attained majority. One was self supporting. The others were continuing their education, supported by the husband, one in medical school and one in college.

According to the wife's testimony, she is, and since 1968 has been, employed as an assistant professor at Miami-Dade Community College. Her annual salary is $15,600.00. The position is one with tenure, and pension rights. There are certain fringe benefits, including hospitalization insurance. The wife lives in a condominium apartment, which she purchased several years ago for $35,000.00 with a down payment of $13,000.00. She owns a 1974 Pontiac Grand Prix automobile, on which $2,000.00 of the purchase price remains unpaid. Other than for mortgage and car payments, she has no debts of consequence. She has $40,000.00 in a savings account, which she is holding for the benefit of the children. In certain of the years while so employed she made a few thousand dollars dealing in real estate.
[6] A petition for modification of a judgment for alimony on the ground of change of circumstances should not be denied if change of circumstances sufficient to warrant modification is clearly shown. Simon v. Simon, Fla.App. 1963, 155 So.2d 849; Chord v. Chord, Fla.App. 1968, 209 So.2d 281, 282; Rogers v. Rogers, Fla.App. 1969, 229 So.2d 618, 620.