346 So.2d 107 (1977)
Rita GOLDIN, Appellant,
v.
Richard GOLDIN, Appellee.
No. 76-479.
District Court of Appeal of Florida, Third District.
May 24, 1977.
*108 No appearance by counsel for appellant.
A. Jay Cristol and Michael V. Blumenthal, Miami, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HUBBART, Judge.
This is an action by a wife to hold her former husband in contempt for failure to abide by the terms of a separation and property settlement agreement incorporated in a divorce decree and a cross action by the husband to modify the said agreement due to a change in financial circumstances. The trial court abated the agreement to pay future alimony and ordered the payment of past arrearages of alimony. The wife appeals and the husband cross appeals.
On November 14, 1945, the parties were married. On July 30, 1964, the parties entered into a separation and property settlement agreement in which the husband agreed to pay the wife $100 a week alimony and $50 a week child support for their two minor children. The husband further agreed to keep in full force and effect a life insurance policy on his life with the Lincoln Life Insurance Company and to make the wife the irrevocable beneficiary and owner of the policy. There were many other provisions in the agreement pertaining to the wife and children which are not relevant here. On October 12, 1964, a final decree of divorce dissolving the marriage between the parties was entered incorporating the terms of the separation and property settlement agreement and retaining jurisdiction over the subject matter and parties.
At the time of the separation and property settlement agreement it is undisputed that the husband was self-employed in the construction industry earning in excess of $50,000 a year. The wife was a homemaker and mother having no independent source of income.
The husband abided by the terms of the separation and property settlement agreement until January 1975, at which time his *109 construction business began to go into serious decline. By this time his children had reached their majority and his obligations to them under the said agreement had been satisfied. Since he could no longer meet his financial obligations to his wife under the above agreement, he delivered to her the Lincoln Life Insurance policy on his life which belonged to her under the said agreement. She cashed the policy in for $4,835. The husband has made no alimony payments since on or about February 4, 1975.
The husband earned approximately $60,000 plus fringe benefits in the year 1974. In January 1975, his business stopped operating due to a recession in the construction industry. He wound up his business affairs from January to July 1975 drawing only $600 a month for living expenses during this time. In July 1975, he filed for and was subsequently discharged in bankruptcy. He has been unemployed ever since drawing only unemployment compensation despite diligent efforts to secure other employment.
At the time of the final hearing in this cause, the husband owned no substantial assets. The wife, on the other hand, owned a savings account in the amount of approximately $25,000 and is employed as a secretary earning $175 a week with secure job prospects.
On June 16, 1975, the wife filed a petition for a rule to show cause against the husband seeking inter alia past arrearages of alimony. On July 30, 1975, the husband filed a petition for modification of the separation and property settlement agreement as incorporated in the divorce decree. On February 4, 1976, these matters came on for a final hearing in the trial court.
The trial court after hearing all the foregoing evidence entered an order abating the separation and property settlement agreement as incorporated in the divorce decree due to the drastic change of circumstances in the financial condition of both parties. The court abated the agreement as of the date of the final hearing in this cause [February 4, 1976]. The court further found that the husband was 52 weeks in arrearages in alimony from February 4, 1975 to February 4, 1976. The court, however, ordered the husband to pay the wife only $365 in alimony because it gave him a set-off of $4,835 on the Lincoln Life Insurance policy which was owned and cashed in by the wife as against the $5,200 of alimony due and owing. This appeal follows.

I
The major issue presented for review is whether the trial judge should have terminated, rather than abated the alimony provisions of the separation and property settlement agreement as incorporated in the divorce decree effective as of the date of the filing of the petition for modification due to the drastic change in the financial circumstances of both parties. We conclude that the trial court should have so terminated the aforesaid alimony provisions and reverse.
Section 61.14(1) Florida Statutes (1975), gives a trial court jurisdiction to enter orders as equity requires upon a petition for modification of a separation and property settlement agreement as incorporated in a divorce decree based on a change in financial circumstances on the part of either party to the marriage dissolution. Contrary to the wife's contention herein, provisions in separation agreements or final decrees fixing alimony may be modified or set aside when any of the grounds specified in the statute are shown to exist. Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958). However, if the party receiving alimony under a separation agreement gives up certain special equities in property in consideration for the alimony, only the strongest and most compelling reasons will justify a modification or a setting aside of the alimony provisions of the agreement. Sedell v. Sedell, supra. A complete termination of alimony is both authorized and required under the statute where there has been a sufficiently substantial change in financial circumstances on the part of one or both parties to the marriage dissolution. Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976); Craig v. Craig, 298 So.2d 189 *110 (Fla. 1st DCA 1974); Schlapik v. Schlapik, 329 So.2d 379 (Fla. 3d DCA 1976).
In the instant case, one would be hard pressed to conceive of a more drastic change in financial circumstances on the part of both parties to a marriage dissolution. The trial court so found and we see no reason to set aside that finding. From being a successful building contractor earning in excess of $50,000 a year at the time of the separation agreement and divorce decree, the husband has been plunged into bankruptcy and is living on unemployment compensation with no employment prospects and no substantial assets. The wife, on the other hand, has changed her financial status from complete dependency on her husband to one of substantial self support. She has for some time been employed as a secretary earning $175 a week with secure job prospects and owns approximately $25,000 in savings. Since the wife did not give up any special equities in property in order to obtain the $100 a week alimony provision in the separation agreement, it is clear that the wife's alimony is subject to being modified upon a substantial change in financial circumstances. In our view, the change here is so drastic and the need of the husband to rebuild his life so great that the trial court should have terminated, rather than abated the husband's obligation to pay any alimony in the future. And the termination should have been effective as of the date of the filing of the petition for modification [July 30, 1975]. Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976).
The cash value difference in this case between abating the husband's obligation to pay future alimony and terminating the obligation altogether is that the wife will not be permitted to come in later and petition the court for modification based on a change of circumstances. We are supported in this view by the fact that if the present financial picture of the parties had existed at the time of the divorce, no alimony award for the wife would have been permissible and consequently no subsequent motion to modify would have been in order.[1] We believe the parties should not now stand on any better footing given the same financial picture. Moreover, we believe that the husband in rebuilding his life from the ashes of financial bankruptcy should know exactly what his financial obligations are in the future without the specter of alimony obligations suddenly materializing later.
We, therefore, hold that the husband's obligation to pay alimony under the separation and property settlement agreement as incorporated in the divorce decree terminated effective July 30, 1975, the date the petition for modification was filed. This termination is final and is not subject to future modification.

II
The second issue involved in this appeal pertains to the past arrearages of alimony due and owing by the husband prior to the termination of his alimony obligation. The issue more specifically is whether the trial court properly allowed the husband as a set-off for past arrearages of alimony the cash surrender value of the Lincoln Life Insurance policy which the wife cashed in for $4,835. We conclude that the set-off allowed was improper and reverse.
Set-offs against alimony payments are generally regarded with judicial disfavor. Chappell v. Chappell, 253 So.2d 281 (Fla. 4th DCA 1971). The set-off involved in this case is particularly inappropriate because the Lincoln Life Insurance policy herein belonged to the wife under the terms of the separation and property settlement agreement, not the husband. The wife was both the owner and sole beneficiary under the policy. When the husband delivered the policy to her in January 1975, he did not give her anything which was not already hers. This property right of the *111 wife can not, therefore, be used as a credit against the husband's past arrearages in alimony. See: Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975); Fowler v. Fowler, 112 So.2d 411 (Fla. 1st DCA 1959). These arrearages in alimony due and owing amount to $2,500 for the 25 week period of non-payment from February 4, 1975 to July 30, 1975.
In view of the fact that the husband went into alimony arrearages because of serious business reverses and was earning only $600 a month from January to July 1975, the trial court on remand has the authority to decline to reduce these arrearages to judgment based upon general equitable principles, in which case the husband will be under no obligation to pay them. Gottesman v. Gottesman, 220 So.2d 640 (Fla. 3d DCA 1969). Otherwise, the husband will be obligated to pay the wife $2,500 providing the trial court enters a judgment for the arrearages of alimony due and owing. We leave this matter to the sound discretion of the trial court.
The order appealed from is in part reversed with directions to: (1) terminate the husband's obligation to pay alimony under the separation and property settlement agreement as incorporated in the divorce decree, such termination to be effective as of the date of the filing of the petition for modification [July 30, 1975], and (2) enter a finding that the husband is in alimony arrearages in the amount of $2,500 with no set-off allowed for the wife's cash-in of the Lincoln Life Insurance policy. The trial court may in its discretion enter judgment on the alimony arrearage or to decline to do so based on general equitable principles. In all other respects the order appealed from is affirmed.
Affirmed in part; reversed in part and remanded.
NOTES
[1] Indeed, if the so-called no-fault divorce statute had been in effect at the time of the divorce, the wife might have been required to pay alimony to the husband. Section 61.08(1), Florida Statutes (1975). See: Pfohl v. Pfohl, 345 So.2d 371 (Fla. 3d DCA 1977).