353 So.2d 134 (1977)
Myrna N. MUMM, Appellant,
v.
Roger V. MUMM, Appellee.
No. 76-1492.
District Court of Appeal of Florida, Third District.
November 22, 1977.
Rehearing Denied January 4, 1978.
*135 Podhurst, Orseck & Parks, Susan Goldman, Miami, for appellant.
William John Mason, Miami, for appellee.
Before HAVERFIELD, HUBBART and KEHOE, JJ.
PER CURIAM.
Myrna N. Mumm appeals an order ceasing all alimony payments entered pursuant to the modification petition of her former husband, Roger V. Mumm, the appellee.
In 1965 a judgment dissolving the marital bonds between Myrna and Roger Mumm was entered after 13 years of marriage. The judgment incorporated a settlement agreement executed by the parties whereby Roger agreed to pay Myrna $350 per month alimony. In addition, the agreement contained a cost of living clause which provided for automatic increases in the amount of alimony. In November 1975 Myrna filed a petition to enforce the final judgment alleging that Roger had failed to pay the cost of living increases since November 1974 and had refused since July 1975 to make any alimony payments. Roger answered that he was in arrears; but had borrowed sufficient funds to pay the arrearage and petitioned, pursuant to Section 61.14, Florida Statutes (1975), for modification seeking to terminate the alimony payments on the ground of changed circumstances. After an evidentiary hearing, the chancellor entered an order ceasing all alimony payments as of June 23, 1976 based upon the finding of a material change in circumstances.
We find merit in only one point raised on appeal, to-wit: the chancellor erred in failing to retain jurisdiction to award alimony in the future as there exists the possibility of a change of circumstances on the part of either of the parties in the future to justify or require the award of alimony payments. See Dings v. Dings, 161 So.2d 227, 229 (Fla.3d DCA 1964); Reed v. Reed, 244 So.2d 449 (Fla.1st DCA 1971).
Considering the remaining points directed toward the termination of alimony, we find from the record that Roger's income has decreased over the past few years; Myrna is self-supporting and earns in excess of $16,000 a year; since the divorce Myrna has obtained both a Master's and Doctorate Degree; in addition to her home, Myrna owns a duplex; and the parties only son has attained the age of majority. Thus, we cannot say that the chancellor abused his discretion in entering the order ceasing alimony payments. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976) and Cf. Anderson v. Anderson, 333 So.2d 484 (Fla.3d DCA 1976).
Accordingly, we amend the order ceasing payment of alimony so as to expressly retain jurisdiction of this cause for the future award of alimony upon a proper showing of changed circumstances with respect to either party.
Order affirmed as amended.