366 So.2d 820 (1979)
Jack J. FRIEDMAN, Appellant,
v.
Rose A. FRIEDMAN, Appellee.
No. 78-166.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Rehearing Denied February 12, 1979.
Greenberg & Murray and Donald J. Murray, Miami, for appellant.
Robert Silverstein, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a post-judgment order, in a divorce action, which denied the husband's petition seeking modification of the judgment to terminate further payments of periodic alimony.
In the circumstances disclosed by the record, where notwithstanding the husband's ability to pay the alimony, it was shown that the financial condition of the wife had improved substantially and that she had become self-supporting, we hold it was an abuse of discretion for the court to deny the husband's petition for modification. Mumm v. Mumm, 353 So.2d 134 (Fla. 3d DCA 1977); Goldin v. Goldin, 346 So.2d 107 (Fla. 3d DCA 1977); Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976); Kennedy v. Kennedy, 303 So.2d 629 (Fla. 1974); Craig v. Craig, 298 So.2d 189 (Fla. 1st DCA 1974); Thigpen v. Thigpen, 277 So.2d 583 (Fla. 1st DCA 1973); Beard v. Beard, 262 So.2d 269 (Fla. 1st DCA 1972). Cf. Gratton v. Gratton, 358 So.2d 262, 265 (Fla. 3d DCA 1978).
In 1970, at suit of the wife, the parties were divorced by a judgment in which an agreement they had made some three weeks earlier was approved and made a part.
The provisions of the agreement included the following: that the wife was to amend her complaint for separate maintenance, to seek divorce; that the husband was to convey to the wife his interest in the marital home and its furnishings; that "as the purchase price" for the wife's stock in Engineered Castings, Inc. [representing her one-half interest in a corporate business operated by the husband] the husband would pay the wife $30,000.00, with $5,000.00 thereof payable upon the signing of the agreement and the balance payable at the rate of $100.00 per week until fully paid; and that the husband would transfer to the wife title to a certain automobile; that the wife would retain her stock until the $30,000.00 was fully paid, after which she would transfer the stock to the husband and convey to him her one-half interest in the property on which the business was located. While retaining the stock, the wife was to have the benefit of the corporation's group medical insurance policy.
The agreement contained a provision that if the husband should die before the said $30,000.00 was fully paid, the wife would retain the stock, subject to a right of the personal representative of the husband's estate to pay off the unpaid balance and *821 thereupon receive the stock, if he should so elect.
Regarding alimony, the agreement contained the following provisions:
"That the HUSBAND will pay to WIFE, as alimony, the sum of ONE HUNDRED DOLLARS ($100.00) a week so long as she shall live and remain unmarried."
* * * * * *
"The alimony payments provided for herein shall cease upon the death of the HUSBAND. However, all other obligations, covenants and undertakings of the HUSBAND shall continue beyond his death and become an obligation of his estate."
Seven years later, on February 23, 1977, the husband filed his petition for modification of the judgment to be relieved of further payment of alimony. His petition alleged his past compliance with the judgment, and as a grounds for the relief sought stated: "[T]he respondent, Rose A. Friedman, has become self-supporting, and her financial situation has improved substantially," and alleged his financial condition had worsened because of increased obligations. The wife's answer to the petition admitted the husband's compliance, and denied the other allegations.
The matter came on for hearing and evidence was presented, following which the trial court entered the order appealed from. Thereby, without making any findings of fact or stating conclusions of law, the court denied the husband's petition for modification.[1]
The husband made no showing of adverse change in his financial circumstances, in support of the allegation relating thereto in his petition. The evidence revealed that his income has steadily increased. The fact that he may voluntarily have incurred obligations is not material. On this appeal, the husband concedes his financial ability to continue to pay the alimony, but contends the change in the circumstances of the wife, consisting of an increase in her financial ability by which she is adequately self-supporting entitled him to be relieved from further alimony payments.
The showing on the record, as to the change of circumstances and financial ability of the wife, most of the evidence as to which was supplied by the wife, is that there has been a substantial increase in her financial condition, and that from her employment and other income she has become self-supporting. At the time of the divorce, in 1970, the wife had an annual income of $3,200.00. She then became the sole owner of the residence property of the parties, and was to receive $30,000.00 from the husband. The residence property had an equity value of approximately $25,000.00 [as established when the wife sold it in 1973]. With the benefit of a certain inheritance received by the wife subsequent to the divorce, by 1977 her assets amounted to approximately $185,000.00. That consisted of $178,000.00 in cash and $7,000.00 in municipal bonds, plus ownership of an automobile. Her debts did not exceed $500.00. She lives in an apartment, and it was her statement that her lifestyle is comparable to the modest lifestyle of the parties prior to her divorce. The wife has regular employment at Jackson Memorial Hospital, with substantial fringe benefits. Her annual salary in that position is between $12,000.00 and $13,000.00. She holds a real estate salesman's license. With her salary, and her income derived from other sources, the wife has an annual income of approximately $24,000.00 a year. Her living expenses were shown to be $12,500.00 per year. She pays approximately *822 $6,500.00 income tax. Thus, it was shown that although the wife was not self-supporting at the time of the judgment in 1970, she had become self-supporting by 1977, and presently her annual income exceeds by several thousand dollars per year her monetary needs for support.
In Goldin v. Goldin, supra, this court, speaking through Judge Hubbart, said:
"Section 61.14(1) Florida Statutes (1975), gives a trial court jurisdiction to enter orders as equity requires upon a petition for modification of a separation and property settlement agreement as incorporated in a divorce decree based on a change in financial circumstances on the part of either party to the marriage dissolution. Contrary to the wife's contention herein, provisions in separation agreements or final decrees fixing alimony may be modified or set aside when any of the grounds specified in the statute are shown to exist. Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958). However, if the party receiving alimony under a separation agreement gives up certain special equities in property in consideration for the alimony, only the strongest and most compelling reasons will justify a modification or a setting aside of the alimony provisions of the agreement. Sedell v. Sedell, supra. A complete termination of alimony is both authorized and required under the statute where there has been a sufficiently substantial change in financial circumstances on the part of one or both parties to the marriage dissolution. Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976); Craig v. Craig, 298 So.2d 189 (Fla. 1st DCA 1974); Schlapik v. Schlapik, 329 So.2d 379 (Fla. 3d DCA 1976).
In contending for affirmance of the order, the appellee-wife presented certain arguments which we have considered and find to be without merit. The appellee argues the showing of change of circumstances was insufficient to meet the requirements of the rule that when alimony is provided for by agreement, a stronger showing is required to justify modification. The showing here that the wife's income had increased to an amount in excess of that needed for her support (without considering the alimony), was sufficient under that test. Appellee further argues the alimony was not subject to modification because the husband failed to show change in his financial ability. That fact is not material. It is not necessary that a sufficient change in circumstances of both parties be shown. A change in the circumstances or financial ability of either of the parties can be basis for modification. See Anderson v. Anderson, supra, (333 So.2d 484 at 487).
Appellee cites cases for the proposition that alimony agreed to be paid in consideration of a wife's relinquishment of property rights is not subject to modification except for strong and compelling reasons.[2] That rule is not applicable here. The wife sold to the husband her one-half interest in the corporate business, and there was a provision that the wife would retain her stock until it was paid for by the husband or by his estate after his death. In contrast, it was provided that the husband's obligation to pay alimony would cease upon his death, although the agreement provided that other obligations of the husband would be binding upon his estate. While the wife relinquished her one-half interest in the land on which the business was located, she received a substantial equivalent by acquiring the husband's interest in the residence property. Although the parties differed as to the value of those properties, both of which were encumbered, there was evidence that their equity values were not disparate.
Accordingly, the order appealed from is reversed, and the 1970 divorce judgment is hereby modified to eliminate therefrom the requirement for the husband to pay future installments of the alimony from and after the date of the filing of our mandate in the circuit court, subject however to a continuing right in the wife to petition the circuit court for further modification of the judgment, *823 as authorized under Section 61.14, Florida Statutes (1977), to require resumption of payment of alimony, by reason of some subsequent change in the wife's circumstances making the same necessary or proper.
It is so ordered.
NOTES
[1] "THIS CAUSE came on to be heard upon the Petition for Modification of Final Judgment, as amended April 28, 1970 of Defendant/Petitioner, JACK J. FRIEDMAN, to eliminate the provision for weekly alimony payments, and the Court having heard the evidence and argument of counsel, and being fully advised in the premises, it is

ORDERED, ADJUDGED and DECREED that:
1. The Petition be and the same is hereby denied, without prejudice.
2. The Final Judgment herein, as amended April 28, 1970, is hereby affirmed, ratified and approved, and the parties are directed to carry out the terms of said Judgment as amended.
3. Each party is to bear his or her own costs and attorney's fees."
[2] Vance v. Vance, 143 Fla. 513, 197 So. 128 (1940); Fort v. Fort, 90 So.2d 313 (Fla. 1956); Sedell v. Sedell, 100 So.2d 369 (Fla. 1st DCA 1958).