367 So.2d 686 (1979)
Lynn Michael CAMBEST, Appellant,
v.
Lynn Thomson Nageley CAMBEST, Appellee.
Nos. 78-658, 78-934.
District Court of Appeal of Florida, Third District.
February 6, 1979.
Rehearing Denied March 9, 1979.
Bryson & Berman and Mark S. Berman, Miami, for appellant.
*687 Joseph P. Averill, Miami, for appellee.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant brings these consolidated appeals from the trial court's orders denying his petition for modification of alimony and awarding appellee attorney's fees and costs incurred as a result of the petition. We affirm in part and reverse in part.
Among his points on appeal, appellant contends that he properly sought modification of the alimony provision contained in a settlement agreement between the parties and that, in denying his petition for modification of alimony, the trial court relied upon an erroneous impression of the applicable law.
Based upon our review of the record in this cause, we are in agreement with the contentions of appellant set forth above. The settlement agreement, in regard to its provisions for alimony was properly subject to modification. Further, it was unnecessary as a condition for such modification that appellant show any hardship. Other factors may be present in a situation which permit the modification without such a showing. See, e.g., Friedman v. Friedman, 366 So.2d 820 (Fla. 3d DCA 1979); Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976); and Craig v. Craig, 298 So.2d 189 (Fla. 1st DCA 1974). Accordingly, because the trial court in the exercise of its discretion denied appellant's petition based upon an erroneous impression of the applicable law, we must reverse the order denying the petition and remand the cause for further consideration in the light of this opinion.
We find no error in the trial court's award of attorney's fees and costs to appellee; therefore, the order awarding such sums is affirmed. See, e.g., Herzog v. Herzog, 346 So.2d 56 (Fla. 1977).
Affirmed in part, reversed in part, and remanded.