PER CURIAM.
Appellant-husband seeks review of an order denying a motion to terminate alimony payments to his former wife.
The parties were married in 1945. At the time of the 1970 divorce, the husband was earning $18,000.00 annually. The property settlement agreement gave the wife the marital residence in fee simple as well as support for two minor children and alimony payments. Subsequently, the wife found employment while the appellant was forced to take early retirement by his employer, Pan American Airlines. The court reduced his alimony and support payments in 1977 from $360.00 per month to $260.00, one child still being a minor. The evidence shows that appellant was living on a modest pension and selling his assets in order to meet these alimony and support payments. In 1979, after the last child became emancipated, the court terminated the support obligation but found the wife still needed $200.00 per month. Husband appealed.
On these facts where the assets and earning capacity of the former husband have substantially diminished while, at the same time, the former wife has become self-supporting to the point of now being in a better financial position than appellant, it was an abuse of discretion not to terminate the husband’s alimony obligations. Vilas v. Vilas, 153 Fla. 102, 13 So.2d 807 (Fla.1943); Goldin v. Goldin, 346 So.2d 107 (Fla. 3d DCA 1977); Anderson v. Anderson, 333 So.2d 484 (Fla. 3d DCA 1976).
Reversed and remanded.