444 So.2d 74 (1984)
Raymond B. HOGSHEAD, Appellant,
v.
Betty H. HOGSHEAD, Appellee.
No. 83-270.
District Court of Appeal of Florida, Fifth District.
January 26, 1984.
*75 George C. Kelley, P.A., Apopka, for appellant.
James N. Powers, P.A., Orlando, for appellee.
COWART, Judge.
In a dissolution settlement agreement the wife, appellee, relinquished her interest in jointly held property and special interest claims against property in the husband's name and the husband, appellant, promised to pay the wife lump-sum payments of $100,000, $20,000 and two payments of $25,000 and alimony of $1,000 per month, $500 of each monthly payment up to $30,000 to be considered as lump-sum alimony.
The ex-husband later sought modification arguing that the total $200,000 of "lum-psum alimony" was payment for the ex-wife's property rights and since the $30,000 of lump-sum alimony payable periodically (monthly) had now been paid, the $1,000 monthly payment to the wife should be considered pure permanent periodic alimony subject to modification based on a material change in the wife's needs and the husband's ability to pay occurring since the dissolution.
*76 Alleging an increased need the wife sought modification upward of the monthly payments to her.
The trial court denied both requests for modification and ordered the husband to make a contribution to the wife's attorney's fees. The husband appeals.
The trial court construed the agreement for monthly payments to the wife to partake of the nature of a true property settlement agreement and payment for her relinquishment of special equities in properties held by the husband and accumulated through the joint efforts of the parties during their marriage, and, accordingly, concluded that, although the husband was suffering financial setbacks, the evidence did not establish "the strongest and most compelling reasons justifying modification." However, the court denied the wife's petition for modification because she did not show a sufficient need to justify an increase in the monthly payments. Therefore, it is apparent that the trial court applied a different standard in denying the wife's request than was used in denying the husband's request.
Section 61.14(1), Florida Statutes (1981), gives the trial court jurisdiction to modify alimony judgments or agreements. True property settlement agreements, though, are not subject to modification at all. See Salomon v. Salomon, 196 So.2d 111 (Fla. 1967). In denying the husband's request for a modification, the trial court borrowed the concept enunciated in Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958), that only the strongest and most compelling reasons will justify the court in modifying an amount to be paid to the wife as alimony or for support arrived at upon consideration of her agreement to relinquish special equities which she may have in property held by the husband and accumulated through the joint efforts of the parties during their marriage. See also Goldin v. Goldin, 346 So.2d 107 (Fla. 3d DCA 1977).
Because true property settlement agreements cannot be modified and yet all agreements for child and spousal support are subject to modification upon a substantial material change in need or ability to pay, in order to avoid the litigation that follows misunderstandings that naturally arise from the quid pro quo concept of "consideration" in negotiated agreements settling multiple issues between parties to marital controversies, careful counsel should never draft binding non-modifiable property settlement agreements so they are, or appear to be, in consideration of agreements for support. True property settlement agreements should always be supported solely by their own mutual promises or recited extraneous consideration and should never refer to, or be incorporated in the same document with, modifiable agreements relating to spousal or child support.
We agree with the husband that the monthly payments due the wife after payment of the $30,000 of lump-sum alimony is permanent periodic alimony and is subject to modification under section 61.14, Florida Statutes (1981), by reason of changed financial circumstances less than "the strongest and most compelling reasons" test applied by the trial court. Accordingly, the order denying the husband's petition for modification is reversed and the cause remanded with instructions that his petition for modification be reheard and reconsidered in light of this opinion.
The trial court did not abuse its discretion in requiring the husband to make a contribution to the wife's attorney's fees on the record in this case.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
ORFINGER, C.J., dissents with opinion.
ORFINGER, Chief Judge, dissenting.
If the trial court committed error in applying a different standard to the wife's request for an upward modification of the alimony payment than it applied to the husband's request for a reduction, the wife does not appeal that order, so that issue as *77 it relates to the denial of the wife's petition is not before us on appeal. What is before us is whether the trial court erred in denying relief to the husband, and whether it applied the correct legal standard in so doing.
There is no written and signed property settlement agreement here. Instead, as the trial was about to start, the husband's attorney announced a property settlement agreement to the court, the parties stipulated to it, and the transcribed proceeding as reported by the court reporter is the record of that agreement. In exchange for her receiving lump sum and periodic payments, an automobile, and title to a jointly-held certificate of deposit, the wife relinquished ownership of or any equity in a great deal of property, both individually and jointly owned, or owned by a corporate trust or joint venture in which the spouses were individually or jointly involved. She also relinquished to the husband ownership of stock in several corporate enterprises, the marital residence, certain vacant property, a trust owning numerous parcels of property, as well as an airplane, mobile home, and various bank accounts.
In Salomon v. Salomon, 196 So.2d 111 (Fla. 1967), the supreme court held that if the wife has relinquished special equities in her husband's business, legal title to property jointly held with her spouse, or has otherwise relinquished valuable property rights in return for which the husband has promised to pay a stipulated monthly sum, such monthly payments are not treated as alimony but as contractual obligations not subject to modification. Relying on the Salomon reasoning, our sister court in Mills v. Mills, 339 So.2d 681, 684 (Fla. 1st DCA 1976) (per curiam) held that where a separation agreement contains provisions whereby one party surrenders substantial property interests and at the same time is to receive periodic payments designated as alimony, such agreement is not modifiable. See also, Goldin v. Goldin, 346 So.2d 107 (Fla. 3d DCA 1977); Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958). In the recent case of Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA, 1983), this court recognized the principle that an agreement may constitute a settlement of property rights notwithstanding the fact that it provides for periodic payments to one spouse. As such, the property settlement is not subject to modification in the absence of fraud, deceit, duress, coercion or overreaching. See also, Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979). Although the parties here referred to the periodic payment from husband to wife as "alimony," it is the purpose of the payment and not the form used or labels attached to it by the parties which must guide the court. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953). See also, Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977). In other words, we should look to substance, not to form.
The trial judge found that the "agreement was a true property settlement agreement and the monthly amount to be paid the wife was arrived at upon consideration of her agreement to relinquish special equities which she may have had in property held by the former husband and accumulated through the joint efforts of the parties during their marriage." The court thus found the husband's obligation to be contractual, and not subject to modification. The interpretation of a contract is a matter for the trial judge, whose interpretation should not be reversed unless it is clearly incorrect. See Murphy v. Murphy, 370 So.2d 403 (Fla. 3d DCA 1979). The record here adequately supports the trial court's interpretation of the agreement and we should not disturb it. I therefore dissent, and would affirm.