LEHAN, Judge.
We reverse the trial court’s order terminating an ex-husband’s obligations to pay $700 per month alimony and to maintain a $40,000 life insurance policy while the alimony obligation was in force. The court found that there had been a sufficient change of circumstances to justify the termination of the alimony in that the wife’s income and assets had increased to approximately $146,000 and $571,000, respectively, from $25,000 and $199,000 at the time of the dissolution.
The alimony and life insurance requirements were pursuant to a property settlement agreement entered into by the parties. “A party seeking to modify an alimony award fixed by agreement carries an exceptionally heavy burden.” Andrews v. Andrews, 409 So.2d 1135, 1137 (Fla. 2d DCA 1982). For the reason we will explain, the wife was not given sufficient opportunity to show that that burden had not been carried by the husband.
The trial court declined to allow testimony to support the wife’s contention that the parties’ intent under the property settlement agreement was that she receive the alimony in exchange for her potential claims to substantial assets, a subject not resolved by the property settlement agreement which may be deemed ambiguous in that regard. If her contention is correct, the fact that her income and assets subsequently increased would not be determinative. See Sedell v. Sedell, 100 So.2d 639, 642 (Fla. 1st DCA 1958) (when a party has a right to receive benefits under a separation agreement in exchange for potential equities in property, the party’s right is contractual and only “the strongest and most compelling reasons” will justify subsequently setting it aside). See also Fort v. Fort, 90 So.2d 313 (Fla.1956); Mills v. Mills, 339 So.2d 681, 684 (Fla. 1st DCA 1976).
While the husband argues that we must affirm because the wife did not proffer testimony in the above regard, we conclude that the subject matter of the excluded testimony was sufficiently clear from the questions and from the argument to the court. See § 90.104(l)(b), Fla.Stat. (1987); Musachia v. Terry, 140 So.2d 605, 608 (Fla. 3d DCA 1962).
We do not conclude that Friedman v. Friedman, 366 So.2d 820 (Fla. 3d DCA 1979), cited by the trial court in its order, is *178 dispositive. In that case the appellate court’s reversal of a trial court’s denial of a husband’s motion for modification of alimony was on the basis that the alimony had not been in consideration of the wife’s relinquishment of claims to property. That is precisely the issue in this case to which the above-described testimony was to be addressed. Anderson v. Anderson, 333 So. 2d 484 (Fla. 3d DCA 1976), also cited in the order, does not concern modification of alimony awarded pursuant to an agreement.
Accordingly, we conclude that the refusal to allow the above-described testimony constituted reversible error.
Nor is it at all clear that there was a valid foundation for the trial court on rehearing to have receded from its prior findings and order that there had been no substantial, reasonably unanticipated change of circumstances and that, therefore, no modification of alimony was proper on that basis. Upon remand the trial court shall revisit this aspect if it is relevant after the above-referenced aspect as to the nature of the property settlement agreement is dealt with.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and PARKER, J., concur.