MORROW, RUSSELL O.,
Associate Judge.
This is an appeal from an order of the trial court that reduced the husband’s monthly alimony payments to the wife from $250 to $125. The court found that the husband’s income had been reduced from $20,000 per year in September 1969 to $12,000 in September 1971.
The record discloses the following facts: the parties were married July 24, 1965, and separated July 26, 1969; each had children by a previous marriage; the wife filed suit for divorce which was uncontested and resulted in a final judgment of divorce on November 26, 1969. A “Separation and Property Settlement Agreement” between the parties was made a part of the final judgment and provided among other things: “That the husband agrees to pay the wife the sum of $250.00 per month of alimony for a period of four years, . ” and provided further that from the proceeds of the sale of the home, property which was owned by the entireties, the following disbursements would be made:
“1. The payment of all outstanding bills of parties, up to $3,000.00 which were incurred prior to August 31, 1969.
“2. The remainder of the proceeds are to be given to the wife.”
The question on appeal is whether the trial court had jurisdiction under Florida Statute § 61.14, F.S.A.[1] to modify said agreement by the entry of said order, appealed.
The appellant contends that the agreement in question was solely a Property Settlement Agreement and not subject to modification under said statute. The law on separation and property settlement agreements is well reviewed in Ohmes v. Ohmes, 200 So.2d 849 (Fla.App.1967), which holds that if the amount to be paid the wife is arrived at upon consideration of her agreement to relinquish special equities which she may have in properties held by the husband and accumulated through the joint efforts of the parties during their marriage, there can be no modification thereof. However, there is an exception to this rule in those instances where there exists “only the strongest and most compelling reasons” for modification.
The statute in question “recognizes the possibility of arranging alimony payments by agreement between the parties.” It provides the trial court with jurisdiction to determine the type of agreement whether one solely for property settlement, or one for alimony, or one for both property settlement and alimony. An agreement which is solely one for property settlement cannot be modified, the alimony agreement can be, *205 and one with both attributes can be modified as to the alimony feature.
In this case the only property belonging to the wife was her equity in the home property. After the payment of certain bills of the parties, the remaining proceeds of the sale of said property went to the wife. There was no relinquishment of any equity by the wife. There is nothing to indicate that the payments by the husband to the wife of $250 per month for four years was lump sum alimony. The agreement did provide:
“ . . . that the husband may have the right to pay in a lump sum the entire balance due, rather than making periodic payments over a four year period, but the husband shall in no case pay to the wife the sum less than $250.00 per month.”
The husband’s right of election in this regard does not change the nature of the agreement and, in fact, was not exercised. His ability to pay may be reflected in his non-election. The agreement describes the payments as “alimony” which term is not controlling but is indicative. The alimony feature of the agreement was executory and subject to modification.
It is pointed out that a determination by the trial court that a drop in the husband’s salary of $8,000 in two years may well have been a “compelling reason” for modification and would not have been error.
Under the provisions of Florida Statute § 61.14, F.S.A., the wife or husband herein may petition for modification of alimony payments so long as both parties live or until such time as the wife may remarry.
Affirmed.
REED, C. J., concurs.
WALDEN, J., dissents, with opinion.

. F.S. § 61.14
(1) When a husband and wife have entered or hereafter enter into an agreement for payments for, or instead of, support, maintenance or alimony, whether in connection with an action for divorce or separate maintenance or with any voluntary property settlement or when a husband is required by court order to make any payments to his wife, and the circumstances of the parties or the financial ability of the husband has changed since the execution of such agreement or the rendition of the order, either party may apply to the circuit court . . . for a judgment decreasing or increasing the amount of support, maintenance or alimony, and the court has jurisdiction to make orders as equity requires with due regard to the changed circumstances and the financial ability of the husband, decreasing or increasing or confirming the amount of separate support, maintenance or alimony provided for in the agreement or order.