273 So.2d 403 (1973)
Ronald R. SCHULMAN, Appellant,
v.
Sandra A. SCHULMAN, Appellee.
No. 72-1299.
District Court of Appeal of Florida, Third District.
February 27, 1973.
*404 Reiseman & Buchbinder, Miami, for appellant.
Milton M. Ferrell, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The appellant is the former husband of the appellee. They were divorced in June, 1970. The judgment of divorce ratified and adopted an extensive property settlement agreement which included provisions for alimony and child support. On July 13, 1972, the appellant petitioned to modify the alimony and child support provisions of the settlement agreement and judgment on the following ground:
"2. Since on or about January, 1971 Defendant-Petitioner's financial ability has changed in that his income is greatly less than his income at the time of the execution of the separation agreement and entry of the Final Order."
The trial judge dismissed the petition in an order which found that the judgment of divorce was not modifiable "according to the laws of the State of Florida". This interlocutory appeal followed.
The Florida statute on modification of alimony judgments, Fla. Stat. § 61.14, F.S.A., is broadly written to give the courts the authority to modify alimony payments even when they are a part of a "voluntary property settlement". However, there are cases where the courts have held that purely property settlement agreements may not be modified. See Salomon v. Salomon, Fla. 1967, 196 So.2d 111; McKenna v. McKenna, Fla.App. 1969, 220 So.2d 433. In this case, we hold that it does not appear as a matter of law from the final judgment and incorporated settlement agreement that the alimony provision of the judgment was arrived at upon consideration of the wife's agreement to relinquish special equities which she had in properties held by the parties. See Paras v. Paras, Fla.App. 1972, 262 So.2d 203. The provision for periodic alimony in the instant case is indefinite in duration and therefore not for a determinable amount. Cf. Ohmes v. Ohmes, Fla.App. 1967, 200 So.2d 849. It is in addition to lump sum payments which were separately provided in paragraphs of the agreement, coupled with provisions for the conveyance and relinquishment of real and personal property rights of the wife. Nevertheless, we do not preclude a holding that the agreement is entirely one of property settlement. The issue simply is one that cannot be decided in this case upon a motion to dismiss petition for modification.
The appellee suggests that the trial judge may have ordered the petition dismissed on the ground that the allegation of change of circumstances was too indefinite. It is clear that the court did not rule upon this ground. However, we do not preclude a consideration of it upon the return of the cause to the trial court.
The order dismissing the petition for modification is reversed, and the cause is remanded with directions for further proceedings not in conflict with the views here expressed.
Reversed and remanded.