JANE SUDLER, n/k/a Jane duFresne, Plaintiff-Appellant, *v.* LOUIS SUDLER, JR., Defendant-Appellee.

Second District (1st Division) No. 74-31

Opinion filed February 20, 1976.

Lance Haddix, of Zeitlin & Schwab, of Chicago, for appellant.

Cox, Lyle & Darrah, of Glen Ellyn, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Jane Sudler (now Jane duFresne) appeals from an order construing a divorce decree following our remand (see *Sudler v. Sudler*, 6 Ill. App. 3d 546 (1972)). In accordance with our mandate the trial court received parol evidence as to the intended meaning of the following provisions of a support and property settlement agreement incorporated in the divorce decree entered on January 29, 1968:

"6. The Husband agrees to pay the Wife each month until the first to occur of his death, her death, her remarriage or the elapse of eleven (11) years from the date hereof, as and for alimony, the sum of Eight Hundred Dollars ($800.00). In the event of the death of the Husband or the death or remarriage of the Wife prior to the elapse of eleven (11) years from the date of this Agreement, the Husband, or his estate, shall pay to the Wife each month until said period of eleven (11) years from the date of this agreement has elapsed (and thereafter nothing), the sum of Seven Hundred Dollars ($700.00). In the event of the elapse of eleven (11) years prior to the death of the Husband or death or remarriage of the Wife, the Husband shall pay to the Wife each month, until the first to occur of his death or her death or remarriage, as and for alimony, the sum of Six Hundred Dollars ($600.00).

8. It is understood by the parties that the said child support and alimony is based upon the Husband's net income on his employ-

ment of Twenty-four Thousand Dollars ($24,000.00) annually, and the income from investments of approximately Four Thousand Dollars ($4,000.00) annually." [1]

In the prior appeal we reversed and remanded the judgment of the trial court which had found the first provision to be one for periodic alimony thus terminating further alimony payments upon the remarriage of the wife. We concluded that the agreement contained some characteristics of periodic alimony but also that there was language commonly identified with a lump sum settlement in lieu of alimony. (6 Ill. App. 3d 546, 549.) We therefore found the agreement ambiguous and remanded the cause to permit the introduction of parol evidence to determine the intention of the parties.

On remand the trial judge found that, based upon the predecretal negotiations, the agreement was for a lump sum settlement in lieu of alimony in the maximum amount of $25,000, but reduced to $15,000 since the wife had remarried. The court further found that the $700 per month payment mentioned in the second sentence of paragraph 6 of the agreement consisted of $400 per month for child support, $200 to compensate the wife for additional income tax, and $100 per month as part payment of the $15,000 lump sum settlement. The court computed the balance due at $9,300, $3,400 of which it found to be presently due. The remaining balance was ordered paid in monthly installments of $100 over 59 months.

In reaching this conclusion, the trial court heard testimony from the plaintiff, from John Woodward who had been her attorney at the time of the negotiations for the divorce settlement, and from the husband's attorneys at the time of the negotiations, Perry Snyderman and Lewis Rudnick, and further considered various correspondence and tabulations presented by the parties.

It appears from the testimony of attorney Woodward that he had no independent recollection of the intention of the parties nor the actual agreement which was contemplated. His testimony is, however, consistent with the fact that the parties were discussing a lump sum settlement in lieu of alimony in the total amount of $25,000 with periodic payments

---

[1] Paragraph 7 of the agreement incorporated in the decree provided:
"7. The Husband agrees to pay to the Wife as and for child support for the said minor children, during the minority of each of them (which shall continue until each reaches the age of twenty-one (21) years or until the sooner death of the Husband or any of such minor children) the sum of One Hundred Twenty-five Dollars ($125.00) per month for each such minor child."
The couple had four minor children at the time the divorce decree was entered.

over a period of 11 years to be reduced in the case of the wife's remarriage to the sum of $15,000. The witness recalled that the final agreement was for the purpose of creating a tax advantage for the husband by applying more of the periodic payments towards the alimony settlement and less towards child support.

Attorney Snyderman testified that at no time during the negotiations was a lump sum figure in excess of $25,000 ever discussed.

Lewis Rudnick testified that the controverted provision was intended to create payments which would be taxable to the wife. He said that a lump sum settlement of $25,000, reduced to $15,000 after remarriage, was contemplated in the negotiations. In the provision as finally drafted the periodic payments were rounded off and structured into the agreement to provide tax advantages to the defendant and a financial incentive for the plaintiff.

The plaintiff testified, however, that she had consistently rejected the offer of the maximum of $25,000 to be reduced to $15,000 on remarriage. She said that she was to receive somewhat over $100,000 and that this was to be spread over 11 years for the purpose of saving her husband taxes. She testified that she received $500 per month as child support for four children and $800 per month in alimony. The $800 payments had been reduced to $700 per month in alimony and were paid for several months after her remarriage until her former husband stopped making further $700 payments.

■■■ We conclude that the court's finding that the actual agreement of the parties was contained in the draft which was under consideration before it was "restructured" in final form for tax purposes is not against the manifest weight of the evidence. The further finding that the provision for the $700 payment (in the event of remarriage) consisted of $400 for child support ($100 per month for each child), $200 additional to compensate the wife for income tax consequences, and $100 per month as part payment of the lump sum settlement in lieu of alimony is also consistent with the evidence. When the $400 is divided by the number of minor children and added to the $125 per month for each minor child in paragraph 7 of the agreement, the resultant figure of $225 per month for each child is consistent with the similar figure mentioned in the correspondence and draft during the predecretal negotiations. The trial court was not required to give credibility to the wife's testimony as to what the agreement sought to accomplish. To do so would have required the assumption that the final agreement was unrelated to the draft of the agreement which was restructured and that the parties then agreed to a lump sum in lieu of alimony amounting to $92,400, plus $100 per month in alimony for 11 years, plus $600 alimony thereafter, in addi-

tion to the $500 specifically expressed as child support. It appears very improbable from the record that the wife had rejected the $25,000/ $15,000 offer and that the settlement suddenly became one of approximately $100,000 in the course of tax restructuring.

We therefore affirm the judgment of the trial court construing the disputed provisions of the divorce decree in accordance with our directions on remand.

■■  We are, however, concerned with one consequence of the trial court's finding which appears to result in an unfair and inequitable result with respect to the husband's liability for child support. As a result of the trial court's conclusion that $400 of the provision for monthly payments of $700 under paragraph 6 of the agreement represented child support of $100 per child per month, it appears that the wife is equitably entitled to receive payment of arrearages of child support which were incorporated in paragraph 6 for tax purposes. An agreement to avoid tax consequences by giving the husband the ability to deduct for income tax purposes payments which were actually intended for child support should not be enforced to permit the husband to thus avoid part of his responsibility to support his minor children during the period when they were in the custody of the wife. We therefore remand the cause for the purpose of computation by the court of the arrearages in child support premised on the agreement of the parties as we have found it. We direct that judgment in the amount so found to be due shall then be entered for the plaintiff. See *Snip v. Snip*, 35 Ill. App. 2d 427, 432-3 (1962).

Judgment affirmed and cause remanded with directions.

GUILD and HALLETT, JJ., concur.