339 So.2d 681 (1976)
E. Richard MILLS, Jr., Appellant,
v.
Martha B. MILLS, Appellee.
No. BB-169.
District Court of Appeal of Florida, First District.
November 17, 1976.
*683 Herbert T. Schwartz of Schwartz & Dearing, Gainesville, for appellant.
Lynn James Hinson of Turnbull, Abner & Daniels, Winter Park, for appellee.
PER CURIAM.
This is an appeal from a judgment on the pleadings entered against the appellant/husband on his petition for modification.
In 1971 the parties entered into a "Separation and Property Settlement Agreement." Shortly thereafter, they were divorced, and the agreement was approved and confirmed in the final judgment of dissolution. Among the provisions of the agreement were the requirements for the payment of funds into a trust in order to pay the premiums on the husband's life insurance policies of which the wife was the beneficiary and for the payment of substantial alimony to the wife through the trustee.
Four years later, the husband filed a petition for modification of final judgment in the same proceeding alleging that he had recently discovered facts which if known at the time of the execution of the settlement agreement and the entry of the judgment of dissolution would have precluded his agreement or acquiescence to the entry of the court's order. The petition stated in pertinent part:
"3. The property settlement agreement was entered into by Petitioner in the belief that the Wife (hereafter referred to as Respondent) suffered from a debilitating cardiac condition which would impair her ability to maintain herself. Terms of said agreement pertaining to payment of alimony and the creation of a trust were predicated upon the same belief.
"4. Your Petitioner is now aware of recently discovered medical evidence which would obviate Respondent's need to be totally maintained and supported by alimony from Petitioner. Further, the basis upon which the aforesaid trust was established (paragraph 3 of the property settlement agreement) no longer is viable. Requirements of medical support thought to be necessary for reason of Respondent's cardiac condition are not, nor were they ever obliged by facts.
"5. Such facts, recently learned by the Petitioner, were not discoverable or extant at the time of this Court's Final Judgment.
"6. The needs of the Respondent for alimony have thus decreased since entry of the Final Judgment and, the ability of Petitioner to pay alimony sums specified in the property settlement agreement has decreased."
The petition concluded with a prayer for the court to modify the alimony payments and to dissolve the trust in favor of a provision for the direct payment of alimony to the wife. The wife filed a response admitting that she had a heart condition when the settlement agreement was executed but denying the other pertinent provisions *684 of the petition. Thereafter, the court entered an order granting the wife's motion for judgment on the pleadings.
The function of a motion for judgment on the pleadings is to raise questions of law arising out of the pleadings. Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967). In considering a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleadings are taken to be true and all allegations of the moving party which have been denied are taken as false. Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965). Since conclusions of law are not deemed admitted, such a judgment may be granted if on the facts as admitted the moving party is clearly entitled to a judgment. Miller v. Eatmon, supra. On the basis of the admitted facts in these pleadings, the wife was entitled to a judgment on the pleadings.
The husband contends that he is entitled to seek a modification of the alimony payments under Section 61.14, Florida Statutes (1975), yet it is obvious from a study of the Separation and Property Settlement Agreement that this instrument was more than "an agreement for payments for, or instead of support, maintenance or alimony" which is subject to modification under that statute. The agreement contained provisions whereby the wife gave up her interest in certain joint bank accounts and savings accounts and gave to the husband the right to sell the parties' home and retain the proceeds. The parties also released each other from all claims that they might have against one another. Where a separation agreement contains provisions whereby one party surrenders valuable property interests and at the same time is to receive periodic payments specified as alimony, such agreements are not subject to modification. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Fort v. Fort, 90 So.2d 313 (Fla. 1956); Gilbert v. Gilbert, 312 So.2d 511 (Fla. 3d DCA 1975).
If the husband's petition were construed to be a motion for relief from judgment under Fla.R.Civ.P. 1.540, the result would be the same. This rule does provide that the court may relieve a party from a final judgment by reason of mistake, but it goes on to specify that a motion predicated upon mistake must be made within one year after the judgment is entered.
Even if it could be argued that this is simply a suit for reformation of a contract which is couched in terms of a petition for modification because the contract was confirmed in the final judgment, the petition does not state a cause of action for reformation. The allegations of the petition simply state that the husband entered into the settlement agreement upon the mistaken belief that his wife had a debilitating cardiac condition. There are no allegations that his wife was under such a mistaken view or that this was why she entered into the agreement. Unilateral mistake is not a ground for reformation. Continental Casualty Co. v. City of Ocala, 99 Fla. 851, 127 So. 894 (Fla. 1930); Fidelity Phenix Fire Ins. Co. v. Hilliard, 65 Fla. 443, 62 So. 585 (Fla. 1913).
Finally, the husband seems to have misconstrued his remedy. He asserts reformation whereby the alimony and trust provisions of the agreement would be stricken and in lieu thereof asks the court to set reasonable alimony based upon the wife's present needs and his financial circumstances. Yet, the theory of reformation on grounds of mistake is to reform an agreement to reflect what the parties would have agreed to had there been no mistake. There must have been a definite prior agreement to which the instrument can be made to conform. Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (Fla. 1927). Assuming, for the sake of argument, that there was a mutual mistake concerning the wife's heart condition, there is no way that the court could rewrite the agreement for the parties to set forth the amount of alimony which would have been agreed upon had the true facts been known. Cf. Camichos v. Diana Stores Corporation, 157 Fla. 349, 25 So.2d 864 (1946). The husband does not request a rescission *685 of the entire settlement agreement, and even if he did, his petition would not support a claim for rescission because there is no indication that the parties could be returned to the status quo and he has not made an offer to do so. See Smith v. Chopman, 135 So.2d 438 (Fla. 2d DCA 1961).
AFFIRMED.
BARKDULL, THOMAS H., Jr., Acting C.J., and GRIMES, STEPHEN H. and MELVIN, WOODROW M., Associate Judges, concur.