PEARSON, Judge.
The appellant was the respondent husband in a dissolution of marriage proceeding. During the course of the litigation, the parties, by a letter agreement, sought to make a property settlement. The appellant moved the court to enforce the agreement and the court granted the motion with provisions not relevant to this appeal. The letter agreement provided, in part, as follows:
“My client offered $20,000 to be paid to your client, in full and complete settlement of all obligations he has or may have in this situation, including but not limited to alimony, support, rehabilitation and/or property settlement and in addition child support. That in return your client shall transfer to Mr. Neale clear title to all real and personal property owned by the parties.”
*441 The court subsequently entered its judgment which contained the following provision concerning certain property:
“3. That in accordance with the agreement of September 13,1976 and the testimony and evidence received during the final hearing, the Court determined that the property legally described as:
Lot 17 in Block 15 of ESSEX VILLAGE THIRD ADDITION, according to the Plat thereof, recorded in Plat Book 47, at Page 94 of the Public Records of Dade County, Florida,
and the mortgage resulting from the sale of the property legally described as:
The North 66 feet of the South 330 feet of the West xk of the West lh of the Northwest Vi of the Southeast Vi of Section 28, Township 56 South, Range 29 East, lying and being in Dade County, Florida.
and the diamond ring owned by the parties shall be the property of the Petitioner, ELIZABETH B. NEALE, free and clear of the claim of the Respondent, RICHMOND H. NEALE.”
The burden of appellant’s argument is that the court, having held the agreement enforceable, could not vary the terms of the agreement. He relies on Underwood v. Underwood, 64 So.2d 281 (Fla.1953); and Davis v. Davis, 301 So.2d 154 (Fla. 3d DCA 1974).
We hold that the court, as the trier of law and fact, had the authority to interpret the language of the agreement, as it did, so as not to include these parcels of property owned separately by the wife. See the principles of law in Pipkin v. FMC Corporation, 427 F.2d 353 (5th Cir. 1970).
A second point claims error upon the denial of the husband’s motion for attorney’s fees. The denial was proper where, as here, the husband secured by the agreement all of the jointly-held property of the parties, which was extensive.
Affirmed.