368 So.2d 105 (1979)
Dexter D. COFFIN, Jr., Appellant,
v.
Kathryn Joyce COFFIN, Appellee.
No. 77-309.
District Court of Appeal of Florida, Fourth District.
March 7, 1979.
*106 Terry N. Freeman of Beverly & Freeman, West Palm Beach, for appellant.
Thomas M. Mettler of Baugher & Mettler, Palm Beach, and Cecil H. Albury of Brennan, McAliley, Albury & Hayskar, West Palm Beach, for appellee.
MOORE, Judge.
Appellant, the former husband of appellee, appeals an order of the trial court granting appellee's motion for summary judgment and dismissing, with prejudice, appellant's petition for modification of a final judgment of divorce. In his petition appellant sought relief from the "alimony" and child support provisions of a voluntary property settlement agreement to which the court made reference in the final judgment and ordered the parties to comply with the terms and conditions thereof.[1] The trial judge held that the property settlement agreement could not be modified as a matter of law and therefore granted the appellee's motion for summary judgment and dismissed the petition for modification with prejudice. We reverse.
Among other things the property settlement agreement required the appellant-husband to pay to the appellee-wife the sum of $100,000 per year for "so long as she shall live" and the sum of $350,000 in two equal installments, all "as alimony for the support and maintenance of the wife." These obligations of the appellant were made chargeable against his estate. The agreement further provided that each of the parties released the other from all claims that he or she may have by reason of the marriage relationship or otherwise. It also required the husband to be responsible for the financial care, support, maintenance and education of the minor children of the parties.
Pursuant to Section 61.14, Florida Statutes (1975), the circuit court has jurisdiction to modify alimony or support payments even though the obligation for same stems from a voluntary property settlement agreement. This section, however, has been interpreted to apply only to those situations *107 involving alimony for support and maintenance. It does not apply to purely property settlement agreements. Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976); Schulman v. Schulman, 273 So.2d 403 (Fla. 3d DCA 1973). The main issue then is whether or not the trial judge could determine the nature of the agreement on a motion for summary judgment.
Use of the word "alimony" is not conclusive, and the court must look to the substance of the agreement to determine its true legal status. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953). Settlement agreements must be construed and interpreted as other contracts. Underwood, supra. As Justice Drew stated:
"The Court has repeatedly held, along with practically every other Court in the land, that property settlements between husband and wife made in good faith are valid and should not be disturbed by the Courts. Vance v. Vance, 143 Fla. 513, 196 So. 128. That these agreements should be construed and interpreted as other contracts is no longer open to question. Bergman v. Bergman, 145 Fla. 10, 199 So. 920. We said in the case of St. Lucie County Bk. & Tr. Co. v. Aulin, 94 Fla. 528, 114 So. 438, 441:
`... In the construction of written contracts it is the duty of the court, as near as may be, to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, the occasion, and apparent object of the parties, to determine the meaning and intent of the language employed. Indeed, the great object, and practically the only foundation, of rules for the construction of contracts, is to arrive at the intention of the parties. This is a most conspicuous and far-reaching rule, and involves the nature of the instrument, the condition of the parties, and the objects which they had in view; and, when the intent is thus ascertained, it is to be effectuated, unless forbidden by law. "Contracts are not to be interpreted by giving a strict and rigid meaning to general words or expressions without regard to the surrounding circumstances or the apparent purpose which the parties sought to accomplish."'" At 287.
In the agreement under consideration the parties chose to define the appellant's obligations "as alimony for the support and maintenance of the wife." Conversely there are indicia which tend to make one believe they only intended a settlement of their property rights against each other. This creates a genuine issue of fact. As difficult as it may be for the able trial judge, we feel, from our review of the record, that the parties' intentions must be fully explored at trial and summary judgment was thus premature.
We also note that the Petition for Modification sought relief from child support obligations. Here the paramount concern is to serve the best interests and welfare of the children consistent with the financial abilities of the parties. As such, "Interpretation or modification of a separation agreement affecting welfare of children is not only permissible but obligatory where the circumstances so indicate." Forte v. Forte, 320 So.2d 446 (Fla. 3d DCA 1975).
The order granting summary judgment and dismissing the Petition for Modification is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
DOWNEY, C.J. and RIVKIND, LEONARD, Associate Judge, concur.
NOTES
[1] It is interesting to note that although the court ordered the parties to comply with the voluntary property settlement agreement the trial court did not incorporate the agreement in the final judgment of divorce as is alleged by the appellant in his petition for modification.