HERMINE WEBER, Petitioner-Appellant, *v.* THEODORE WEBER, Respondent-Appellee.

First District (1st Division)   No. 78-2101

Opinion filed October 9, 1979.

Gomberg & Schaps, of Chicago (Steven P. Gomberg, of counsel), for appellant.

Beermann, Swerdlove, Woloshin & Barezky, of Chicago (Miles N. Beermann and Nathan B. Swerdlove, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Hermine Weber (petitioner) appeals from an order denying her petition to modify the judgment of dissolution of her marriage to Theodore Weber (respondent).

The judgment was entered on January 7, 1975. It provided that, pursuant to the oral agreement of the parties, petitioner would have custody of the two minor children. It further provided petitioner would receive "a lump sum settlement in lieu of, and in full discharge of, HERMINE'S [petitioner's] common-law right to alimony or support from THEODORE [respondent]." The judgment referred to payments to

petitioner as "a family support payment * * * inclusive of the rights of the minor children of the parties hereto to be supported."

Under the terms of the agreement, petitioner was to receive $1250 per month until August 12, 1985 (the date upon which the eldest child reaches majority). After said date, the payments were reduced to $833.33 per month until August 24, 1988 (when the second child reaches majority). On August 24, 1988, the payments terminate. These payments were to abate if petitioner remarried, petitioner or respondent died or the children were removed from the jurisdiction by petitioner. If respondent received custody of the children at a later date, his obligation to petitioner was to be reduced by two-thirds. Payments received by petitioner would constitute taxable income to her and be deductible by respondent under the agreement. Petitioner also was given the right to take the minor children as dependents.

The judgment refers repeatedly to a "lump sum settlement." However, no lump sum amount is specified therein.

Almost three years after the judgment, on December 12, 1977, petitioner filed a petition for modification of the judgment concerning support of the children. Petitioner alleged inflationary conditions and increased needs of the children because their age increase made their maintenance impossible on the present amount of payments. It alleged respondent had increased his income since the entry of judgment.

Respondent filed a motion to dismiss or strike the petition on the ground that it failed "to state a cause of action or issues which can be litigated or in which this court has jurisdiction to hear * * *." The trial court allowed the motion. Petitioner appeals.

■■ Preliminarily, this motion is a hybrid. It is labeled as being under section 48 of the Civil Practice Act. It avers that the petition "fails to state a cause of action * * *," resembling closely section 45 of the Act. This type of pleading is not favored by the courts. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605.) We will treat the motion as brought under section 45. Ill. Rev. Stat. 1977, ch. 110, par. 45.

In this court petitioner contends the trial court had power to modify the terms of child support since the instant action is governed by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 502(f)), which allows modification of support provisions. Respondent contends the former Illinois Divorce Act is applicable here and the judgment provides for a lump sum settlement in lieu of alimony which cannot be modified under this applicable law.

The Illinois Marriage and Dissolution of Marriage Act applies "to all proceedings commenced after its effective date [October 1, 1977] for modification of a judgment * * *." (Ill. Rev. Stat. 1977, ch. 40, par.

801(c).) Respondent cites *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 833, 370 N.E.2d 1309, for the proposition "[a]pplication of the new act to cases already decided at the trial level would * * * be grossly unfair * * *." Actually the court in *McArdle* pointed out that the new legislation was not intended to be applicable "to appeals that had been perfected prior to its effective date." (*McArdle*, 55 Ill. App. 3d 829, 833.) In the instant case, the appeal was perfected by filing the notice of appeal on September 6, 1978, almost a year after the effective date of the new statute. Accordingly, *McArdle* is inapplicable.

■ *Winter v. Winter* (1978), 69 Ill. App. 3d 359, 387 N.E.2d 695, also cited by respondent in this regard, is not pertinent here. *McArdle* is cited by the *Winter* court simply to show that since defendant John Winter filed his notice of appeal after the amendment to section 15 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16) effective October 1, 1976, which deleted a portion of the statute providing for payment of attorneys' fees for defending an appeal, defendant could not obtain fees under the former statute. In our opinion, the rights of these parties are to be determined under the new legislation.

■ The controversy as to which act governs the instant case may be without purpose. While the former statute expressly provides "a money or property settlement in lieu of alimony" may not be modified "subsequent to the decree" (Ill. Rev. Stat. 1975, ch. 40, par. 19), modification of child support is allowable under both acts. (Compare Ill. Rev. Stat. 1975, ch. 40, par. 19, and Ill. Rev. Stat. 1977, ch. 40, par. 502(f). See also *Powers v. Powers* (1979), 69 Ill. App. 3d 485, 488, 388 N.E.2d 76.) The gravamen of the instant action is whether the judgment is truly a lump sum settlement in lieu of alimony or whether portions of it are actually child support which may be modified by the court.

It is not the label placed upon payments made under the terms of a divorce decree or a separation agreement which is determinative of their nature. (*Richhmeimer v. Richhmeimer* (1972), 9 Ill. App. 3d 376, 381, 292 N.E.2d 190.) An equitable adjudication of the rights of litigants must necessarily be predicated upon the substance rather than the form of their agreement.

In the instant case, petitioner receives payments from respondent which decrease in amount when each child reaches majority. Furthermore, if custody is transferred to respondent, petitioner is to receive one third of the original payment. The operation of this agreement, regardless of its label, provides an ascertainable payment calculated as child support. The judgment before us uses and repeats the words "lump sum settlement" almost as an incantation but no specific lump sum is ever mentioned.

The instant case is similar to *Sudler v. Sudler* (1976), 35 Ill. App. 3d

917, 342 N.E.2d 772, *cert. denied* (1976), 429 U.S. 921, 50 L. Ed. 2d 288, 97 S. Ct. 318. There, in its initial opinion, this court held the settlement agreement was ambiguous. The court directed the trial court to construe the agreement by parol evidence to determine whether the agreement provided for periodic alimony or a lump sum settlement. (*Sudler v. Sudler* (1972), 6 Ill. App. 3d 546, 286 N.E.2d 113.) This court then affirmed the decision of the trial court, upon the evidence, that the settlement agreement was not a true lump sum settlement but actually made provisions for payment of maintenance and child support. See *Sudler*, 35 Ill. App. 3d 917, 920.

In his brief before this court, respondent urges, "The tax consequences of this agreement are critical." The instant agreement was conceived, constructed and implemented to allow respondent to deduct from gross income the periodic payments he makes to petitioner. A determination by this court that a portion of said payments constitutes child support would result in tax free income to petitioner which could not be deducted by respondent. (Internal Revenue Code §71.) It is apparent that while the agreement in essence provides for certain and ascertainable sums as child support, it is characterized as a lump sum settlement in lieu of alimony to maximize respondent's tax benefits.

In *Sudler*, 35 Ill. App. 3d 917, 921, this court refused to uphold an agreement designed to maximize tax benefits which resulted in harm to the minor children. The court stated:

"An agreement to avoid tax consequences by giving the husband the ability to deduct for income tax purposes payments which were actually intended for child support should not be enforced to permit the husband to thus avoid part of his responsibility to support his minor children during the period when they were in the custody of the wife."

The courts of Illinois have defined an ambiguous writing as " 'one capable of being understood in more senses than one * * *.' " (*Standard Steel & Wire Corp. v. Chicago Capital Corp.* (1975), 26 Ill. App. 3d 915, 919, 326 N.E.2d 33, quoting from *First National Bank v. Victor Comptometer Corp.* (1970), 123 Ill. App. 2d 335, 341, 260 N.E.2d 99.) Whether or not an agreement is ambiguous is a question of law for determination by the court. (*Ohio Oil Co. v. Yacktman* (1976), 36 Ill. App. 3d 255, 261, 343 N.E.2d 544.) Where the agreement is classified as unambiguous the intention of the parties must be determined from the instrument itself and the use of parol evidence is neither necessary nor proper. *Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App. 3d 577, 594, 342 N.E.2d 65, *appeal denied* (1976), 63 Ill. 2d 552, citing *Schek v. Chicago Transit Authority* (1969), 42 Ill. 2d 362, 364, 247 N.E.2d 886.

In the instant case, we find no ambiguity in the judgment of

dissolution. We find the agreement between these parties to be a transparent attempt to cloak the ordinary settlement and provision for child support in the garb of a lump sum settlement. As above shown, the details of the agreement immediately betray its actual identity and purpose.

After the entry of a judgment for divorce under former legislation and, in our opinion, after the entry of a judgment for dissolution of marriage under the presently effective statute, the minor children of the parties are and remain wards of the court for all purposes until they have attained their majority. In *Sommer v. Borovic* (1977), 69 Ill. 2d 220, 228-29, 370 N.E.2d 1028, this court held:

> "The decretal court retains jurisdiction of a divorce proceeding at all times to enforce, adjust or modify the original decree in regard to the custody and care of children as changing circumstances may warrant."

This careful and overriding concern by our courts for the welfare of minors is an ancient doctrine. In *Clarke v. Chicago Title & Trust Co.* (1946), 393 Ill. 419, 430, 66 N.E.2d 378, the supreme court stated:

> "Courts of equity have from earliest times regarded infants as their special wards. (I Blackstone 427.) This guardianship has never been repudiated, but has continued and still exists. (*Swiney v. Womack*, 343 Ill. 278.)"

In 1846, in a case involving the custody of a child, in spite of what must have been an eloquent argument by "A. Lincoln, for the appellant," the supreme court stated (*Cowels v. Cowels* (1846), 8 Ill. 435, 437):

> "The power of a court of chancery to interfere with and control, not only the estates but the persons and custody of all minors within the limits of its jurisdiction, is of very ancient origin, and cannot now be questioned."

The court went on to quote from Story's Equity Jurisdiction regarding the jurisdiction of courts of chancery in this area. (*Cowels*, 8 Ill. 435, 437-38.) In *Clarke*, 393 Ill. 419, 429, the supreme court described the jurisdiction of courts of equity in connection with the estates of minors as being a "plenary" power.

Consequently, in an action of this type involving the welfare and support of minor children, this court and the trial court not only have full and complete jurisdiction of the award and provision made for support of the children, but it is the duty of the court in which the action has been brought to ascertain all the pertinent facts and circumstances and to determine whether the award is fair and equitable or should be modified.

The instant agreement before us is no exception. We hold that the agreement does not, and cannot as a matter of law, provide for a fixed and invariable amount to be paid for support of minor children but the

award must necessarily be modified if required for the welfare of the minors.

"Before modification of child support is justified, a material change in circumstances must be shown and a party seeking the modification has the burden of proving these changes." *Sullivan v. Sullivan* (1978), 57 Ill. App. 3d 958, 963, 373 N.E.2d 829, citing *Gaines v. Gaines* (1969), 106 Ill. App. 2d 9, 24 N.E.2d 574.

■ In support of the petition for modification, petitioner cites inflation, the increased ages of the children and an increased financial ability of respondent to pay greater support as material factors. All of these factors have been recognized by this court as material. See *Cross v. Cross* (1977), 48 Ill. App. 3d 1055, 1058, 363 N.E.2d 933; *Sullivan*, 57 Ill. App. 3d 958, 963-64, and *Baker v. Baker* (1977), 53 Ill. App. 3d 186, 192, 368 N.E.2d 379.

In the instant case, the trial court dismissed the action on the pleadings without a hearing. Petitioner should be given a hearing and an opportunity to present evidence to prove the changes in circumstances which she alleged in her petition.

Accordingly, we reverse the order appealed from, and we remand the cause for further proceedings consistent with this opinion.

Reversed and remanded with directions.

O'CONNOR and CAMPBELL, JJ., concur.