In re MARRIAGE OF WAYNE B. VELTMAN, Petitioner-Appellant, and BARBARA K. VELTMAN, Respondent-Appellee.

First District (1st Division)   Nos. 79-166, 79-1087 cons.

Opinion filed February 11, 1980.

Kalcheim & Kalcheim, Ltd., of Chicago (Michael W. Kalcheim and Ilene E. Shapiro, of counsel), for appellant.

Jerome Berkson, and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In appeal No. 79-166, Wayne B. Veltman (petitioner) appeals from an order denying his petition to modify a Florida divorce decree dissolving his marriage to Barbara K. Veltman (respondent). In appeal No. 79-1087, petitioner appeals from an order requiring him to pay respondent arrearages for past due support.

The decree was entered by a Florida circuit court on May 10, 1965. At that time, petitioner, respondent and their two children lived in Florida. The decree incorporated a "Property Settlement Agreement" entered into by the parties on April 19, 1965. This agreement gave respondent permanent care, custody and control of the minor children, Sondra Joy Veltman, age 4, and Jay J. Veltman, age 7. The agreement stipulated petitioner would pay respondent $11,000 per year "as alimony and support."

After entry of the decree, petitioner moved to Chicago. On April 14, 1977, he filed a petition seeking to establish and enroll the Florida decree as an Illinois judgment. Petitioner also sought to reduce the payments he was required to make under the decree. He alleged Jay J. Veltman had moved to Chicago and resided with petitioner. Petitioner was providing for and supporting the child. Petitioner claimed this was a substantial and material change in circumstances requiring a reduction in the support paid to respondent.

No testimony was taken. The trial court rendered a memorandum decision on March 2, 1978, finding the award to respondent in the divorce decree was intended to be a modifiable, unallocated award of alimony and child support and not a nonmodifiable lump sum property

settlement. The decision also stated that there had been a substantial and material change in circumstances since the entry of the divorce decree so that a reduction in the payments to respondent was warranted.

Respondent then filed objections to the decision and a petition dated May 26, 1978, which alleged Jay J. Veltman had returned to Florida to reside with respondent and "he was never permanently residing in the State of Illinois." On June 22, 1978, petitioner filed a second petition for a reduction or termination of periodic payments. Petitioner alleged respondent's gainful employment and Jay J. Veltman's emancipation constituted a substantial and material change in circumstances.

After considering these petitions and arguments, the trial court reconsidered its previous decision. On November 15, 1978, the trial court vacated the former decision and concluded that the support award of $11,000 per year to respondent in the Florida decree was not subject to modification. The court ordered petitioner to continue paying support at the rate of $11,000 per year and found him in arrears for past due support. Petitioner appealed.

On January 30, 1979, respondent filed a petition for a rule to show cause in the trial court. Respondent alleged petitioner remained in arrears on his semimonthly payments. On May 11, 1979, the trial court entered an order which found petitioner owed respondent $8468.40 as and for past due support and ordered petitioner to pay this sum within 90 days. Petitioner appealed. The two appeals were consolidated by this court.

■■ The parties agree their rights are to be decided under the law of Florida. We agree with this conclusion. The instant case involves the interpretation and effect of a Florida decree which adopted the property agreement executed by the parties. The resulting final "decree", as it is referred to in Florida, is entitled to full faith and credit from the courts of Illinois and should be construed under the laws of Florida. See *Light v. Light* (1957), 12 Ill. 2d 502, 509-11, 147 N.E.2d 34.

It is apparently undisputed that Jay J. Veltman is presently living in Florida. Therefore we need not consider the matter of his temporary removal from Florida. The remaining issues are petitioner's claim that the periodic payments should be reduced because of respondent's gainful employment and the emancipation of Jay J. Veltman.

The first issue above stated, employment of respondent, does not involve the rights of the children. Under Florida law, "an agreement for payments for, or instead of, support, maintenance, or alimony" is subject to modification. (Fla. Stat. Ann. §61.14 (West Supp. 1979).) However, "[w]here a separation agreement contains provisions whereby one party surrenders valuable property interests and at the same time is to receive periodic payments specified as alimony, such agreements are not subject to modification." (*Mills v. Mills* (Fla. App. 1976), 339 So. 2d 681, 684, and

cases there cited.) There is no legal effect resulting from the mere use of the words "property settlement" or "alimony" in a property settlement agreement. "It is not what it is *called* but what it *is* that fixes its legal status. It is the *substance* and not the *form* which is controlling." (*Underwood v. Underwood* (Fla. 1953), 64 So. 2d 281, 288.) Thus, under the law of Florida, the pertinent inquiry as to the modifiability of respondent's alimony award is whether respondent surrendered "valuable property interests" as consideration for the payments to be made by petitioner.

In the agreement before us, each party released the other party from any and all claims that he or she might have against each other. The respondent also released petitioner from "any claim or right to support, maintenance and/or alimony which [respondent] now has or may ever have against [petitioner] * * *." Petitioner contends these releases and waivers are " 'form language' " which do not constitute a surrender of valuable property rights by respondent. We disagree.

Our review of Florida case law indicates that the "form language," as thus described by petitioner, does have a legal effect. In the recent case of *Fagan v. Lewis* (Fla. App. 1979), 374 So. 2d 18, the husband appealed from a final judgment of the circuit court denying his petition for modification of a property settlement agreement entered into with his former wife in connection with a divorce decree. Under the terms of the property agreement, which was subject to termination in event of the death of either party, the husband promised to pay $170 per week to his former wife for her support and maintenance. The agreement had language very similar to the release and waiver language in the instant case. The agreement in the *Fagan* case provided the weekly payments were to be made " '* * * in lieu of any other provisions for [Mrs. Lewis'] maintenance and support and in lieu of other provisions for alimony, counsel fees or costs.' " (*Fagan*, 374 So. 2d 18, 20.) The court held (*Fagan*, 374 So. 2d 18, 21):

> "The agreement clearly provides that these payments were *in lieu of* alimony. Logically, they cannot be considered alimony if they are required as a substitute for alimony. Since these payments were meant for the wife's periodic support and were bargained for in return for the waiver of all claims she may have had against the appellant, we consider them not subject to modification under the provisions of Section 61.14, Florida Statutes (1977). [Citations.]"

In *McKenna v. McKenna* (Fla. App. 1969), 220 So. 2d 433, 434, the Florida Court of Appeals also held a property agreement nonmodifiable where "the wife was bound by [the agreement's] terms not to later claim alimony." Thus, it is clear in the instant case that the respondent's release of petitioner from "any claim or right to support, maintenance and/or alimony" was a relinquishment of a valuable property right. Therefore,

respondent's alimony award may not be modified upon the grounds raised by petitioner in this appeal.

Petitioner's other ground for modification of the award to respondent is emancipation of Jay J. Veltman and lack of need for child support. In Florida, it has been held that (*Forte v. Forte* (Fla. App. 1975), 320 So. 2d 446, 448, *cert. denied* (Fla. 1977), 351 So. 2d 406):

> "[P]rovisions of a separation agreement relating to the support, care and custody of children are always subject to review and approval by the court, the guiding star being the best interests and welfare of the children. [Citations.] Interpretation or modification of a separation agreement affecting welfare of children is not only permissible but obligatory where the circumstances so indicate."

■■ Therefore, in Florida, as in Illinois, child support provisions of a settlement agreement may be modified for the child's benefit, regardless of the nature of the settlement agreement. Compare *Coffin v. Coffin* (Fla. App. 1979), 368 So. 2d 105, with *Weber v. Weber* (1979), 77 Ill. App. 3d 383, 396 N.E.2d 43.

■■ However, in the case before us, the emancipation of Jay J. Veltman does not warrant a modification of the settlement agreement. Emancipation is not specified in the agreement as a condition for reduction of the award. Furthermore, reduction of the support award would not be in "the best interests and welfare" of the Veltman children.

Therefore, the Florida decree embodying the settlement agreement should not be modified by reason of the grounds advanced by petitioner in this appeal.

Accordingly, the orders denying the petition for modification of the support order and requiring petitioner to pay respondent $8468.40 in arrearages for past due support are affirmed.

Orders affirmed.

McGLOON and CAMPBELL, JJ., concur.