McCORD, Judge.
Appellant husband appeals the trial court’s order denying his petition to modify alimony. The marriage of the parties, entered into in 1948, was dissolved by final judgment dated January 5,1976. The final judgment approved and incorporated the terms of an agreement of the parties in which they agreed to a settlement and division of their mutual property. The agreement also contained a separate provision by which the husband agreed to pay the wife $250 alimony per month. The alimony agreement was based upon the husband continuing to receive a police disability pension, and it provided that in the event of a change in the disability pension, the parties would modify the amount of alimony. We affirm.
Prior to dissolution of the marriage, neither husband nor wife was employed. The husband was receiving a monthly police disability pension, and the parties had approximately $50,000 invested in the stock market. Pursuant to the agreement, the marital property was divided approximately equally, and the wife was awarded the above-mentioned alimony. After the divorce, the wife, having previously been a nurse, embarked on an additional training program and later secured employment whereby she was earning a net wage of $216 per week as a registered nurse at the time of the hearing. The husband’s pension has increased slightly, and he remains unemployed. As the basis for his petition to modify, the husband claims that the wife’s present earning capacity is a significant changed circumstance for reducing or terminating alimony.
The record in this case is unclear as to which party is more financially stable. Although there is some indication that wife’s monthly income, especially including the alimony payments, is now greater than the husband’s monthly income from his pension, there is evidence that the husband has some additional dividend income, and the evidence shows that a substantial portion of the husband’s income is nontaxable (social security and police disability pension) whereas the wife’s income is taxable. Also, evidence in the record supports a finding that the wife incurred certain debts due to her return to school to prepare herself for the work in which she is now engaged.
The wife’s uncontradieted testimony established that in drafting the alimony agreement, both parties contemplated (and it is obvious) that she must of necessity work to subsidize the alimony income to keep herself above the poverty level. In Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA 1980), the court said:
The divorced wife of a long term marriage who is awarded permanent alimony should not be faced with the prospect of losing her right to alimony if she becomes better educated, or if she earns a modest income as in this case .... This premise is even stronger where the parties agreed to the permanent alimony award initially, and where both contemplated it would be necessary for the former wife to become gainfully employed after the divorce. (Emphasis supplied.)
Also compare Reese v. Reese, 330 So.2d 89 (Fla. 1st DCA 1976), where the court refused to find a substantial change in circumstances sufficient to modify an alimony agreement even though the wife’s financial condition had improved due to her earned income because that improvement was con *238 templated by the parties at the time the agreement was signed. The husband has not met the burden imposed upon one seeking to modify an alimony obligation based on a previous agreement between the parties.
The trial court in the final judgment relied to some extent on Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976). The ruling in Mills, however, is not applicable to the present case. In Mills, this Court refused to modify the alimony provision of an agreement in which the alimony provision was part and parcel of the entire property settlement, and the wife had surrendered valuable property rights in exchange for the receipt of periodic payments specified as alimony. In the instant case, although the alimony agreement and the property settlement were contained in the same stipulation, there is nothing to indicate that the wife surrendered any property rights in exchange for the alimony provision. Though we find Mills inapplicable, the evidence supports the ruling of the trial court.
AFFIRMED.
ERVIN and SHAW, JJ., concur.