SHARP, Judge,
concurring specially.
I concur with a reversal in this case. In my view, the basic question raised by this appeal is whether the trial court erred in granting the former husband’s motion to dismiss the former wife’s suit to enforce a property settlement agreement for lack of jurisdiction.[1] Based solely on the pleadings filed in this case, I think the final disposition of her case was premature.
The parties in this case were married in 1973. The former husband, Olyar, filed a suit for dissolution on December 27, 1979. The former wife’s, Ender’s, complaint alleged that during the pendency of the dissolution proceedings, the parties entered into a written property settlement agreement. The final judgment, rendered on April 12, 1980, did not incorporate nor mention the property settlement agreement.[2]
The two counts of the complaint which are the subject of this appeal involve the wife’s attempt to enforce paragraph 5 of the agreement, which provides:
OLYAR OGUZ shall pay alimony to ENDER E. OGUZ in the monthly sum of FOUR HUNDRED ($400.00) DOLLARS; as further alimony, OLYAR OGUZ shall be responsible for the dental and medical expenses of ENDER E. OGUZ. Alimony payments shall terminate upon the remarriage of ENDER E. OGUZ, or upon the death of either party.
The agreement also provided that a dissolution proceeding was pending and that should a judgment be entered, the agreement would not be merged, but would survive and bind the parties.
It recited that in lieu of “litigating their property rights,” the parties reached this agreement “as to the disposition and settle *439 ment thereof.” The wife received exclusive possession of the marital home, with the right to sell it and keep all the proceeds; however, if she died owning it, title would pass to the husband. The parties mutually released each other from “all other claims and demands,” although the nature of such obligations was not spelled out in the agreement. From the pleadings (also attached to the complaint) regarding the dissolution, it is evident that the attorney who represented the husband in the dissolution suit also drafted the settlement agreement,[3] since he signed the document below the parties’ signatures.
The husband filed an answer and affirmative defenses to the complaint. He subsequently filed a motion to dismiss the wife’s claim for recovery under the settlement agreement on the ground that the court lacked jurisdiction to award “alimony” since the final judgment did not award alimony or retain jurisdiction to do so in the future.[4]
That fact alone, in my view, is insufficient to deprive the court of subject matter jurisdiction to enforce a property settlement agreement. Such agreements are commonly entered into by parties prior to entry of a final judgment of dissolution, and they may or may not be incorporated in a final decree. See Coffin v. Coffin, 368 So.2d 105 (Fla. 4th DCA 1979); cf. Cambest v. Cambest, 367 So.2d 686 (Fla. 3rd DCA 1979). Failure to incorporate a settlement agreement in the final decree does not make it unenforceable.[5] In fact, an unreferenced contract may control the provisions of a final judgment. See Underwood v. Underwood, 64 So.2d 281 (Fla.1953).
The issue in most such litigation is whether such “alimony” agreements are modifiable[6] or are part of an overall property settlement agreement, which cannot be modified.[7] The enforceability of the contract aspects of such agreements has not been questioned. Whether the settlement agreement in this case is enforceable is not raised at this point. In view of the property settlement’s lack of specificity as to what property rights or claims were actually involved, this issue should not be resolved in this case on the basis of the bare pleadings, and the language of the agreement itself.[8]
Further, I think there is an ambiguity in the pleadings, which should be resolved in favor of the wife because of the posture of the case,[9] as to whether the settlement was actually entered into by the parties before entry of the final judgment. Oral agreements arrived at by the parties, which are later written down and signed by the par *440 ties are enforceable.[10] In addition, logically, a post-judgment property settlement agreement, supported by consideration, resolving property rights which were unaffected by the dissolution, should also be enforceable as a contract right. At this point, in my view, the nature and extent of the parties’ property rights, and whether there was any valid consideration, are questions which should not be resolved on a motion to dismiss.

. A final judgment denying the wife any relief, based on the dismissal, was ultimately entered by the last judge acting in this case. This judgment was timely appealed.

. The copy of the agreement attached to the complaint reveals that it is dated March 25, 1980, although the date on the signature page is May 12, 1980.

. The husband and his attorney were named as persons who received copies of the final judgment, which was entered after a default against the wife, based upon the special examiner’s report of the ex parte hearing.

. In view of the sequence of the husband’s pleadings, his motion necessarily relates to lack of subject matter jurisdiction. Fla.R.Civ.P. 1.140(h)(7).

. See Frizzell v. Bartley, 372 So.2d 1371 (Fla.1979).

. See Hogshead v. Hogshead, 444 So.2d 74 (Fla. 5th DCA 1984). Section 61.14, Florida Statutes (1983) applies to all such agreements regardless of whether they are incorporated into a final judgment.

. See Salomon v. Salomon, 196 So.2d 111 (Fla.1967); Karch v. Karch, 445 So.2d 1077 (Fla. 3rd DCA 1984); Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983); Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983); Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 467 (Fla. 1982); Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976).

. See Hogshead, 444 So.2d at 76 (Orfinger, J., dissenting); Neale v. Neale, 360 So.2d 440 (Fla. 3rd DCA 1978), cert. denied, 368 So.2d 1371 (Fla.1979).

. See Fort v. Fort, 90 So.2d 313 (Fla.1956); Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA), cert. denied, 392 So.2d 1381 (Fla.1980); Fagan v. Lewis, 374 So.2d 18 (Fla. 3rd DCA 1979); Muskin v. Muskin, 37 So.2d 1101 (Fla. 3rd DCA 1979), (Schwartz, J., dissenting); Coffin v. Coffin, 368 So.2d 105 (Fla. 4th DCA 1979).

. It is elemental that in passing on a motion to dismiss, all well-pleaded facts are taken as true. Leonard v. Browne, 134 So.2d 872 (Fla. 1st DCA 1961). Further, "A motion to dismiss a complaint for failure to state a cause of action does not reach the defect of vague and ambiguous pleading.... Motions to dismiss are looked on with disfavor by the court, and are granted sparingly and with care.’’ 40 Fla.Jur.2d Pleadings § 170 (1982).