BOARD OF MANAGERS OF OLD WILLOW FALLS CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. GLENVIEW STATE BANK, Defendant-Appellee (New Prospect Development Corporation *et al.*, Defendants).— GLENVIEW STATE BANK, Plaintiff-Appellee, v. BOARD OF MANAGERS OF OLD WILLOW FALLS CONDOMINIUM ASSOCIATION, Defendant-Appellant (First National Bank and Trust Company of Evanston *et al.*, Defendants).

First District (1st Division)   No. 1—88—2307

Opinion filed December 18, 1989.—Rehearing denied March 12, 1990.— Modified on denial of rehearing March 19, 1990.

Marshall N. Dickler, Ltd., of Arlington Heights (Marshall N. Dickler and S. Keith Collins, of counsel), for appellant.

Boorstein & Cohn, of Chicago (Elenie K. Huszagh and Lauren Newman, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The Board of Managers of Old Willow Falls Condominium Association (the association) filed an eight-count complaint against several defendants to recover unpaid condominium assessments, damages for breach of fiduciary duty to the association during its condominium conversion, and other related causes of action. The instant appeal involves only defendant Glenview State Bank (GSB) and its dismissal from the association's complaint, alleging a breach of duty under the Condominium Property Act (the Act) (Ill. Rev. Stat. 1987, ch. 30, par. 301 *et seq.*) to pay unpaid assessments on certain condominium units as a "co-developer."

The circuit court granted GSB's motion to dismiss the association's original count I of its complaint pursuant to the Illinois Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), but granted the association leave to amend count I as to GSB. The

"First-Amended Count I"[1] was filed, and, in response, GSB filed a motion to dismiss pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The circuit court subsequently dismissed GSB from count I of the association's complaint under section 2—619 of the Code.

Pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), the circuit court found no just reason for delaying enforcement or appeal of the order as to GSB's dismissal from count I, and the association filed a timely appeal.

The issue presented for our review is whether the circuit court erred in dismissing GSB, a secured lender, from count I of the association's complaint. For the reasons set forth below, we reverse GSB's dismissal.

Defendants Alex Pinsky, Zal Horn and Saul Azar are shareholders of New Prospect Development Corporation (NPDC) and doing business as Old Willow Falls Partnership. NPDC is identified as the developer of the conversion project of rental apartments into condominium units, which is at issue in this appeal. The condominium units were created on August 18, 1979, pursuant to a condominium declaration[2] (the Declaration). To finance the project, GSB made a certain loan to NPDC for the purpose of paying an existing first mortgage and for construction and rehabilitation of the units. The loan is secured by the assignment of the beneficial interest of First National Bank and Trust of Evanston, as trustee under trust No. R—1540, dated July 30, 1979, and of various trust deeds in which Azar, Horn and Pinsky are the named beneficiaries.

From the time the Declaration was recorded on August 18, 1979, until the independent condominium unit owners began to manage the association's affairs on November 9, 1982, Azar, Horn and Pinsky served as officers and directors of the association. On March 4, 1982, Azar filed for bankruptcy. Subsequently, Azar, Horn and Pinsky entered into an agreement dated March 25, 1982, to resolve various financial disputes while the condominium project continued in operation.[3]

As to GSB, the parties to the agreement agreed to execute cer-

---

[1]All references to the "First-Amended Count I" of the association's complaint will be referred to as "count I."

[2]"Declaration" is defined by the Condominium Property Act as follows:

"(a) 'Declaration' means the instrument by which the property is submitted to the provisions of this Act, ***." Ill. Rev. Stat. 1987, ch. 30, par. 302(a).

[3]The agreement between these parties was approved by the United States District Bankruptcy Court for the Northern District of Illinois.

tain documents so that GSB could disburse funds for payment of a first mortgage and for construction and rehabilitation of the condominium project, without Azar's, Horn's or Pinsky's countersignatures. Regarding the project's management during its conversion stage, the agreement set forth that funds collected from rental or contract sales of condominium units or from other sources shall be deposited in an account held at GSB and disbursed upon the signature of any two of the following: Pinsky or Horn, Azar or the condominium association manager, Camille Imbrie. In the event that the parties disagreed as to the disbursement of funds or as to any issue involving the project's management, the agreement gave GSB the discretion to make disbursements or management decisions without approval or consent of Pinsky, Horn, Azar or Imbrie. Additionally, the agreement provided that GSB was exculpated from any liability with respect to its actions in relation to the agreement.

Attached to the association's complaint in the circuit court was an affidavit submitted by Imbrie which disclosed the following: She was employed on the recommendation of personnel at GSB. Two accounts existed at GSB for the project: one account in the association's name and the other account, which was considered the "converter" account, in the name of NPDC. Imbrie also stated that GSB refused to disburse funds from either of the accounts without the signature of one of its officers.

In November 1982, the independent condominium unit owners began managing the affairs of the association. Upon learning that the developer had failed to pay assessments to the association for the period prior to the sale of each condominium unit, the association demanded payment of such sums. Both GSB and the developer refused to pay the unpaid assessments for units remaining unsold, as well as assessments due for sold units prior to their sale.

At a hearing on GSB's section 2—615 motion to dismiss, the circuit court noted that the motion should have been brought under section 2—619 of the Code because of GSB's reliance on "affirmative matter," the Condominium Property Act's (the Act's) (Ill. Rev. Stat. 1987, ch. 30, par. 309(a)) provisions that the "developer" is liable for these assessments. In support of its motion, GSB submitted the affidavit of Samuel Pincich, a GSB bank officer, stating that: (1) Imbrie was not an employee of GSB; (2) no officer of GSB acted as an officer or director of the association; and (3) neither GSB nor any of its agents acted as a developer of Old Willow Falls Condominium Association. Despite GSB's failure to bring the motion under section 2—619, which expressly permits "affirmative matter" to be offered as evi-

dence (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)), the court found the failure not to be "fatal." It then dismissed GSB from count I of the association's complaint, finding that GSB was not obligated for the unpaid assessments because it was not a "developer" under the provisions of the Act.

On appeal, we initially address the association's argument that the circuit court committed reversible procedural error in deciding GSB's section 2—615 motion to dismiss under section 2—619. Even though GSB's motion would have been more properly brought pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), designating a motion under a different paragraph of the Code is not fatal. (See *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253, 433 N.E.2d 1350, 1355; *Weber v. Weber* (1979), 77 Ill. App. 3d 383, 385, 396 N.E.2d 43, 45.)

The association next argues that even if the circuit court properly considered GSB's section 2—615 motion "as if it had been raised under section 2—619," error resulted because the circuit court precluded it from submitting counteraffidavits to the motion. We agree with the association and believe that justice demands that this cause be remanded to the circuit court so that the association is provided an opportunity to submit counteraffidavits to GSB's motion to dismiss.

GSB filed its motion to dismiss pursuant to section 2—615 of the code, yet argued affirmative matter in an attempt to defeat the allegations contained n the association's complaint. To support its motion, GSB submitted the Pincich affidavit. In response to GSB's section 2—615 motion to dismiss, the association argued that GSB had improperly asserted affirmative matter and an affidavit to defeat the allegations contained in the association's complaint. The association's motion further provided:

> "The Association does not waive, but expressly reserves its objections to the substantive and procedural defects of GSB's motion. In particular, the Association reserves the right to pose counteraffidavits, if and when GSB presents a motion attacking the Association's claims against GSB under a procedure where affidavits other than those appended to the complaint as exhibits may be considered."

After considering all pertinent pleadings to GSB's motion to dismiss, the circuit court determined that the motion to dismiss would be more properly addressed "as if had been raised under section 2—619." Thereafter, the circuit court dismissed GSB from count I of the association's complaint and found no just reason for delaying enforce-

ment or appeal of the order.

■ Although we hold that it was proper for the circuit court to consider GSB's section 2—615 motion to dismiss under section 2—619, we believe that the circuit court erred in not affording the association an opportunity to submit counteraffidavits to controvert the affirmative matter and the Pincich affidavit which had been previously included in GSB's section 2—615 motion to dismiss and presumably considered by the circuit court in reaching its decision. As set forth above, the association expressly reserved the right to submit counteraffidavits to GSB's motion to dismiss. We therefore remand this case to the circuit court to provide the association the opportunity to submit counteraffidavits to GSB's motion to dismiss.

In light of the above, we need not address the remaining issues presented on appeal.

Reversed and remanded.

CAMPBELL and O'CONNOR, JJ., concur.